## HOFFMAN v WEILAND

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5717. Decided Jan. 29, 1940.

Mssrs. Bolsinger & Hoodin, Cincinnati, and Sidney C. Brandt, Cincinnati, for appellant.

Fred Weiland, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

This is an appeal from an order of the Municipal Court of Cincinnati, made in a proceeding in aid of execution. An execution having been returned unsatisfied, the judgment creditor filed an affidavit averring that The Guardian Life Insurance Company was liable to the judgment debtor and that this asset was not exempt from execution. In response to an order served upon it, The Guardian Life Insurance Company answered that it had issued a policy of insurance upon the life of Joseph Weiland, in which his wife, Goldie Weiland was named as beneficiary, and that the cash surrender value of the policy was $388.58. It also appeared that the defendant and Goldie Weiland were divorced some time prior to the commencement of this action, and that the plaintiff herein, Goldie Hoffman, is the former wife of the defendant, and the person named as the beneficiary in the life insurance policy.

The cause of action upon which the judgment was rendered was a promissory note for $1000.00 executed during the marital relation, by the defendant, payable to the plaintiff.

These facts appearing, the court dismissed the proceedings in aid of execution and released the garnishee, to which the plaintiff excepted. While the order does not state the ground, it is conceded that the action was taken because the court was of the opinion that the cash surrender value of the policy was exempt from subjection to the insured's debt, by reason of the provisions of §9394, GC. It is that order that is brought here for review. It is an order made "upon a summary application, in an action, after judgment", and answers the description of a final order (§12223-2, GC) or judgment that this court has jurisdiction to review.

(1) Before proceeding to consider the substantial question raised by this appeal, we take notice of the appellee's contention, that as the court's order was upon a finding of fact, and as no motion for a new trial was filed, this court has no jurisdiction to review it. This contention is sufficiently answered by reference to 2 O. Jur. (§233), 269, et seq., and Laub v The Warren Guarantee Title & Mortgage Co., 54 Oh Ap 457, at 469, et seq. This appeal does not bring under review any trial as that term is used in the statutes, providing for motions for a new trial. Secs. 11575, et seq., providing for new trials is "Chapter 5" of "Division III" of "Title IV" of "Part Third" of the statutes, and "Division III" has the heading "Trial", whereas, proceedings in aid of execution are provided for in "Chapter 2" of "Division V", which is headed "Enforcement of Judgment". Furthermore, there was no dispute as to any issue of fact in the trial court. Only an issue of law was presented and no motion for a new trial or rehearing is necessary to reserve the right to a review of a ruling thereon. 2 O. Jur, 271.

(2) Now the Court refused to order the payment to the judgment creditor of the cash surrender value of this policy upon the life of the judgment debtor, after the insurer had answered admitting its indebtedness. The ques-

tion is, whether the court was right in this refusal.

While the ground of the refusal is not expressly stated in the order, we are informed that the court considered the fund exempt from subjection to the insured's debts by the provisions of §9394, GC. That section is as follows:

"All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature, and which have been or shall be taken out for the benefit of, or made payable, by change of beneficiary, transfer or assignment to, the wife or children, or any relative dependent upon such person, or any creditor, or to a trustee for the benefit of such wife, children, dependent relative or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free and clear from all claims of the creditors of such insured person or annuitants; provided, that, subject to the statute of limitations, the amount of any premium upon said contracts, endowments or annuities paid in fraud of creditors, with interest thereon, shall inure to the benefit from the proceeds of the contracts, but the company issuing any such contract shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless, before such payment, written notice is given to it by a creditor, specifying the amount of his claim and the premiums which he alleges to have been so fraudulently paid."

The burden of proving the facts calling for the application of this statute is upon the defendant. 18 O. Jur. 881. The evidence shows that at the time this was written he was a married man and that the beneficiary was his wife, but it also shows that this relation had been dissolved before this proceeding in aid of execution was begun. The judgment debtor is an unmarried man, with no children or dependents. The conditions existing at the time this policy was issued and which made it exempt have therefore entirely changed. It was exempt then. Does it continue so, notwithstanding this change?

We believe it plain that if the defendant had exercised the power to change the beneficiary, the fact that the policy was originally exempt would have been no bar to a creditor subjecting the proceeds to the satisfaction of a debt. **Baxter v Old National-City Bank, 46 Oh Ap 533.** The situation at the time the seizure was made and not when the policy was issued would have determined the question. And that would have been in accordance with the general rule.

Where residence is essential to the right of exemption, removal from the state terminates the right. Residence at time of levy is essential. Residence at a prior time will not avail. 22 Am. Jur. 101.

Where an exemption is of the tools necessary to carry on a trade, business, or profession, the permanent abandonment of the trade, business. or profession, terminates the right. The reason ceasing, the right ceases. 22 Am. Jur. 103.

Certainly, in the case at bar, the reason for the exemption has ceased. There is no longer any family to protect. The marriage has been terminated by the divorce. The wife was the beneficiary at the time. The exemption was based on that fact. She has ceased to be the wife of the insured. To hold this property to be exempt would result in favoring an unmarried man over his creditors. Such was not the purpose of the law.

In this case the plaintiff is the former wife, who, as a creditor, is seeking to subject this property to her judgment. It would be an anomaly if the exemption that was originally intended for her protection is now transferred into a shield to protect the in-

sured against the satisfaction of a judgment in her favor.

We hold that §9394, GC, must be construed in the light of its purpose, which was, to protect the  wife, a child, or children, or other relative, or a creditor, named as beneficiary, and that when conditions have changed, so that the allowance of the exemption would protect none, and would defeat a creditor, the right ceases to exist. That is the situation that has developed in this case. The policy was for the benefit of the wife. The exemption was for her benefit, as wife. She ceased to be the insured's wife. The policy was not taken out for the benefit of either a child or a creditor. No one, for whom the exemption was created exists. It was never intended for the benefit of an unmarried man.

It does not appear from this record whether the beneficiary was described in the policy as the wife of the insured. All that appears is "that the beneficiary—was Goldie Weiland, formerly the wife of Joseph Weiland." Whether she was so described in the policy that the severance of the marital ties would automatically eliminate her as a beneficiary cannot be determined on this record. Regardless of that situation, however, the insured could accomplish that by the exercise of the power to change the beneficiary. But she was also a creditor, and any attempt on his part to take this cash surrender value beyond her reach by naming another as beneficiary, without paying his debt to her and leaving himself without sufficient assets to pay it, would be fraudulent as to her as a creditor. This would be true even though the new beneficiary should be one in favor of whom the policy would otherwise be exempt from his (the insured's) debts. It is expressly so provided by §9394 GC. This, it seems to us, to confirm our conclusion that the spirit and purpose of this statute requires a construction that the exemption ceases when the relation between the insured and the beneficiary, upon which it is predicated, ceases.

For these reasons, the judgment is reversed, and final judgment directing the garnishee to pay the cash surrender value of the policy to the plaintiff, as a part payment and satisfaction of her judgment, will be entered in this court.

HAMILTON, PJ. & ROSS, J., concur.