**MATHEWS, Appellant, v. BERTSCH et, Appellees.**

Ohio Appeals, Ninth District, Summit County.

No. 4542. Decided May 18, 1955.

Clyde B. MacDonald, for appellant.

Matz, Petersilge & Weimer, for appellee Mary Louise Bertsch.

## OPINION

By STEVENS, PJ.

By her amended and supplemental petition, filed in the Court of Common Pleas, plaintiff alleged:

That she furnished services, and advanced money, for one James R. Carter, to the reasonable value of $2000.

That, in recognition of said services and advances, said Carter, on March 22, 1949, designated plaintiff as the beneficiary of his group life insurance policy in the sum of $2500.

That thereafter, on August 5, 1949, said Carter, without informing plaintiff, and without otherwise providing for the payment of plaintiff's services, advancements and expenses, changed the beneficiary under said policy from the name of plaintiff to the name of his daughter, Mary Louise Bertsch.

That thereafter, on August 31, 1953, said Carter died, without leaving any estate and without making provision for payment for plaintiff's services, advancements and expenses.

That said conduct of decedent constituted a fraud upon plaintiff, and upon plaintiff's rights as a creditor of decedent; and that plaintiff has, and is entitled to, an equitable interest in the proceeds of said insurance policy to the extent of the value of her services, advancements and expenses.

Wherefore, plaintiff prayed that she be decreed an interest in the proceeds of said policy, and for judgment in her favor on her claim herein.

Defendant demurred generally to said amended petition, which demurrer was overruled.

Answer was then filed, which, after certain admissions, among which was that the defendant was the daughter of decedent, denied generally the allegations of the petition.

A reply, in the nature of a denial of the allegations of the answer, was filed.

Upon hearing, at the conclusion of plaintiff's opening statement, the trial court ordered a judgment for defendant to be entered, for the reason that the petition, supplemented by the opening statement, was "insufficient in law to entitle the plaintiff to relief."

From the judgment so entered, plaintiff has appealed on questions of law and fact.

While no motion to dismiss the appeal on questions of law and fact has been filed, the appeal has been prepared and submitted as an appeal on questions of law, and will be so considered.

It is the claim of appellant that the judgment is contrary to law.

The question presented is simply this: Giving to the allegations of the amended and supplemental petition, and to the opening statement, the most favorable intendment of which they are susceptible, does the petition, supplemented by the opening statement, state a cause of action against defendant?

It appears to us that the petition, plus the opening statement, claims that plaintiff was a creditor of decedent, by reason of services, advances and expenses, furnished and incurred by plaintiff on behalf of decedent, Carter; that to provide payment to plaintiff, decedent named her as beneficiary under his group life insurance policy, reserving to himself, however, the right to change the beneficiary therein; that subsequently the decedent did change the beneficiary under said policy—naming his daughter as such beneficiary—and this without notice to, and without the knowledge of, plaintiff; that thereafter, on August 31, 1953, the insured died, and, at the time of his death, his daughter, the defendant herein, remained the beneficiary named in said policy.

It is asserted by appellee Mary Louise Bertsch that, by reason of the provisions of §3911.10 R. C., the proceeds of decedent's policy, payable to his daugter, are exempt from claims of creditors, of whom this appellant is one.

That section, in so far as applicable, provides:

"**All contracts of life** * * * **insurance,** * * * or any interest therein, **which mature, and which have been** taken out for the benefit of or **made payable by change of beneficiary,** transfer, or assignment **to the wife or** children, or any relative dependent upon such person, or **any creditor,** * * * **shall be held,** together with the proceeds of such contracts, **subject to a change of beneficiary** if desired, **free from all claims of the creditors of such insured person** * * *." (Emphasis ours.)

It is apparent that plaintiff is, as she is claimed by her counsel to be, a creditor of decedent.

There is no provision in the above statute (§3911.10 R. C.) for the creation of an equitable interest in favor of a creditor who was previously named a beneficiary under a policy of life insurance upon the life of the insured.

The statute expressly provides for a change of beneficiary in favor of a child, if the insured so desires, as was done in this case, and further provides that the proceeds of such policy shall be held free from the claims of creditors of the insured, of whom this plaintiff was and is one.

We are unanimously of the opinion that the trial court did not err when it stated that plaintiff's amended petition, supplemented by plaintiff's opening statement, did not state a cause of action, and dismissed said petition.

Judgment affirmed.

HUNSICKER, J, DOYLE, J, concur.