In re Piero.
[Cite as In re Piero, 17 Ohio Misc. 25.]

(No. B67-4927—Decided September 12, 1968.)

United States District Court for the Northern District of Ohio, Eastern Division.

*Mr. Lorn P. Stevenson,* for trustee.
*Mr. Vincent J. Bernabel,* for bankrupt.

FINDING OF FACTS

EMSLEY, Referee. Bankrupt was adjudicated August 18, 1967, and on that date there was in full force and effect the following policies on the bankrupt's life.

| Policy No. | Cash Surrender Value | Insurance Company | Beneficiary |
|---|---|---|---|
| 39602438 | $159.51 | John Hancock Mutual Life | Kenneth Arnold |
| 42882972 | 270.48 | John Hancock Mutual Life | Kenneth Arnold |
| 43468127 | 28.88 | John Hancock Mutual Life | Kenneth Arnold |

Policy No. 39602438, a 20-year payment life policy

was issued June 29, 1949, and named Joseph H. Piero, beneficiary. On February 11, 1959, Mary A. Piero, mother, was substituted as a beneficiary, and on March 16, 1965, Kenneth Lee Arnold, son, was substituted as a beneficiary.

Policy No. 42882972, an "endowment at age 65" was issued December 21, 1955, and named the "estate of the insured" as the beneficiary and on February 11, 1959, Kenneth L. Arnold, son, was substituted as beneficiary.

Policy No. 43468127, a "life paid up at age 65" policy was issued March 13, 1957, and the beneficiary named therein was Kenneth L. Arnold, son.

Each of the original policies apparently has been lost because the company issued, on February 11, 1959, certificates attesting the issuance thereof, from which the policy numbers and information relating to the beneficiaries thereunder have been gathered, which were introduced into evidence.

On September 5, 1967, the date of the first meeting of creditors, the trustee, Ernest N. Abood, in the presence of the bankrupt and her attorney prepared his report of exempt property which made no mention of the proceeds or avails (the cash surrender value) of the policies set forth in bankrupt's schedule B-3, which inferentially were claimed exempt in schedule B-5. This report of exemptions was filed on September 5, 1967, and not being excepted to within the 10-day period provided by G. O. 17, was on September 18, 1967, approved by order of this court. No review was taken to that order approving said exemption report. Trustee subsequently determined the cash surrender value of the policies and on January 23, 1968, demanded of the bankrupt the cash surrender value of said policies. When the demand was ignored the trustee on March 13, 1968, more than 30 days after January 23, 1968, filed his application for a turnover order for the cash surrender value of said policies. On March 25, 1968, bankrupt filed her answer, admitting the issuance of the policies and of their cash surrender value but denied "that said insurance policies are nonexempt under the provisions of Section 3911.10, Revised Code, and specifically denies that the

cash values of the policies enumerated in the application for turnover order are assets of her bankrupted estate." The beneficiary and the insurance company failed to file any answer.

At the hearing on the turnover order, it was stipulated that the bankrupt did have one minor child, dependent on her, but not the child named as the beneficiary in said policies; that $458.87 represented the correct aggregate value of the cash surrender value of said policies; that Kenneth Arnold, the named beneficiary in each policy was her son, but as of adjudication was not dependent on her.

## The Issues

When a bankrupt has failed to except to a trustee's report of exemption within the time fixed by the General Orders in Bankruptcy, can she thereafter timely object to said report?

Are the proceeds of insurance policies payable to an adult son, who is not a dependent of the bankrupt, the property of the bankrupt or the property of bankrupt's trustee?

## Discussion

Prior to the amendment of G. O. 17 the inference therein was that objections to a trustee's report of exemptions could be made only by a creditor and within a 20-day period. This order was amended by the Supreme Court effective in 1933 which provided "any creditor or the bankrupt may file objections to the determination of the trustee within ten days after filing of the report unless further time is granted by the court."

A case decided under former G. O. XVII was *In the matter of Mood, Bankrupt*, 6 Am. Bk. Rep. N. S. 433. There the bankrupt had no knowledge of trustee's failure to set aside exempt property, and there the court held:

"General Order No. XVII requiring creditors to take exceptions to determinations of trustee on claims for exemptions within 20 days after filing of trustee's report does not apply to bankrupt who is entitled to file exceptions at any seasonable time while property remains in hand of trustee unaffected by adverse right."

This view of the right of a bankrupt to except to the trustee's report, under former G. O. XVII is expressed in *In re White*, 4 Am. Bk. Rep. 613. This case is commented on favorably by a court who said:

"Of course there is no need of any such limitation in regard to the bankrupt's filing exceptions, for he is right on the spot when the exemptions are thus set off and will act without delay anyway if he wants to get more; and his delay, for that matter, would tie up nobody." *In re C. P. Ellis*, 10 Am. Bk. Rep. 7547.

By the amendment of G. O. 17, the bankrupt was expressly given the right to seasonably object to trustee's report of exemption. This the bankrupt failed to do though she was present when said report was prepared. Bankrupt's exemptions were fixed by this court's order approving the report on September 18, 1967. She knew the content of that report. Subsequently, when the trustee made a demand on her for the cash surrender value of the policies, she was again apprised or reminded that the proceeds of the policy were not set off as exempt, and not until after the application for a turnover was made by the trustee, more than 30 days thereafter, and 189 days after the exemption report was approved, did she belatedly assert "your bankrupt denies that said insurance policies are nonexempt under the provisions of Section 3911.10, Revised Code." This was tantamount to a collateral attack on this court's order approving trustee's exemption report.

"The order of the bankruptcy court as to exemptions is conclusive, subject of course to review on appeal, and may not be collaterally attacked." Colliers 910, 14th Ed. citing *Friedsam* v. *Rose*, 6 Am. Br. (N. S.) 864, 271 S. W. 417.

Surely there was some purpose in the amendment of G. O. 17, expressly giving the bankrupt a right to object to a trustee's report of exemptions. The evident purpose was to require a bankrupt to apprise himself of the filing of a report of exemptions, and to promptly except thereto if so desired.

Because of her neglect or omission to assert her right,

if any, to said policies, she was guilty of laches and thereby became estopped from asserting any rights to the proceeds of said policies. To permit a bankrupt to belatedly assert such claim would unduly impede the administration of a bankrupt's estate, to the detriment of her creditors, and encourage dilatory attitudes on the part of bankrupts. The belated objections to trustee's report of exemption must therefore be overruled.

Summary proceedings are not intended to be arbitrary and ex parte, and to summarily grant a turnover order of the cash surrender value of the policies without an examination of the insurance statutes involved would be an arbitrary exercise of a court's duty, even though the bankrupt was negligent in the assertion of a claim for exemption.

Section 3911.09, Rveised Code (formerly Section 9393, General Code), states the intent and purpose of the insurance statutes and must be construed with Section 3911.10, Revised Code (formerly Section 9394, General Code), which essentially is the statute under which a claim for an exemption must be made.

"Any person may effect an insurance on his life, for any definite period of time or for the term of his natural life, to inure to the sole benefit of his wife *and children, or either,* or other relative dependent upon such person, or any creditor he causes to be appointed and provided for in the policy." Section 3911.09, Revised Code. (Emphasis ours.)

The terminology of Section 3911.09, Revised Code, differs slightly from Section 3911.10, Revised Code (the former Section 9394, General Code), wherein the protected persons, or beneficiaries are delineated as:

"* * * the wife *or children, or any relative dependent upon such person* * * *." (Emphasis ours.)

Under Section 3911.10, Revised Code, the proceeds or avails of insurance contracts shall be held, free from the claims of the creditors of such persons (the bankrupt) or annuitant (the bankrupt or named beneficiary) provided they fall within the class of a protected person.

Undoubtedly a "son" is included in the term "children" in both Section 3911.09, Revised Code, and Section 3911.10, Revised Code; but are the proceeds or avails of the policies exempt to the bankrupt if the once dependent son is now emancipated, and was not as of adjudication a dependent of the bankrupt? That question has not been answered in any Ohio, or in any other case cited by trustee or the bankrupt.

The change in the relationship and dependency of a beneficiary under a policy was considered in *Hoffman* v. *Weiland*, 64 Ohio App. 467. There, Gertrude Hoffman was the former wife of and beneficiary of a policy issued on the life of Weiland, her former huband. She sought to collect on a note owed her by Weiland by levying on the cash surrender value of her former husband's policy. On page 470 the court commented:

"The conditions existing at the time this policy was issued and which made it exempt, have entirely changed. It was exempt then. Does it continue so, notwithstanding the change?"

Then in the syllabus the court held:

"The purpose of Section 9394 General Code, is to provide exemption to an insured debtor in the proceeds or avails of life or endowment insurance on annuities *in order to protect his wife or children* or any relative dependent on such person, or any creditor, named as beneficiary, but when such contemplated beneficiaries of the exemption no longer exist, *the purpose ceases, and therefore, the right to an exemption terminates.*" (Emphasis ours.)

"The relationship of husband and wife, having ceased, the wife as a judgment creditor, is entitled to the cash surrender value of his life insurance policy in which she is named as beneficiary in satisfaction of the judgment."

This case does not clearly answer the question here because the relationship of mother and son continues to exist, but the dependency is no longer extant.

In *Johnson* v. *Penn Mutual Life Insurance Co.*, 31 F. Supp. 394, the court had occasion to interpret the intent of Section 9394, General Code, though another question was at issue then the court said:

"The statutes governing beneficiaries of life policies, and exemption of proceeds from claims of creditors, manifest intent mainly to protect *dependents* from claims of insured's creditors, and are not applicable to policies which never matured because duly forfeited for any reason, including nonpayment of premiums, or failure to repay policy loan." (Emphasis ours.)

In that case, the policy never matured, as is the case in the matter under consideration, but there the court again emphasized an intent to protect dependents.

In *Baxter* v. *Old City National Bank,* 46 Ohio App. 533, the bank recovered a judgment against Baxter. Prior thereto, Baxter had taken out two policies of insurance with Blanche M. Baxter, his wife, as the named beneficiary on each, and had sued the insurance company to recover the money due thereon. The insurance company settled making the draft payable to both Baxter and his wife. A court enjoined Baxter and the bank where the draft was deposited from disposing of the $3,000 fund, and the court held the surrender of the policy and the receipt and possession of the entire proceeds and avails by Baxter operated in the same manner as a change of beneficiary, in that the original beneficiary was deprived of all her rights under the policies.

The syllabus states:

"Proceeds of life policies are exempt from execution only if held for benefit of persons within the classes named in Section 9394, General Code."

Referee Carl Friebolin in *In re Hess,* 21 O. O. 110, discussed the *Baxter case* and other cases, and on page 117 said:

"What the courts in the cases say is in effect this: this statute (referring to Section 9394, General Code), is not strictly an exemption statute providing an exemption to a debtor whose property has been attached; it is really an exemption to be claimed by an insured debtor in behalf of his dependents for their future support. Since, therefore, the Legislature permits such exemption to be claimed upon behalf of dependents only; and moreover to be claimed even where the insured debtor has the right to

change the beneficiary (or cash in the policy) without consent of the beneficiary; *the exemption may not be claimed by the debtor if there is any change or deviation from the idea of protection of a dependent."* (Emphasis ours.)

The emphasis on a dependent was made in *Foulks* v. *Foulks,* 49 Ohio App. 291, where Section 9394, General Code (Section 3911.10, Revised Code), was construed. The court held:

"The right of a divorced wife to alimony does not constitute her a creditor of the insured husband, *and the beneficiaries of the insurance policy not being 'dependents'* of the insured or persons expressly to be protected by Section 9394, General Code, the award of property in the insurance policy as alimony is not in conflict with that section." (Emphasis ours.)

*In re Weick,* 2 F. 2d 647, 649, stated the purpose of Section 9394, General Code, by stating "it is clear from the language of this statute that all the policies of insurance taken out for the benefit of or bona fide assigned to the wife, children, other dependent relative or creditor come within the broad terms of the present Section 9394, General Code of Ohio." Again emphasis is placed on the dependency of the relative.

XXV Ohio Bar 513 reports an address on "Beneficiaries' Rights In Life Insurance Policies": the only reference therein to the problem here is on page 516 where the speaker said:

"The Legislature has been zealous in protecting insurance payable to beneficiaries who are *dependent* upon the insured against the claim of insured's creditors, * * *." (Emphasis ours.)

Here again emphasis has been placed on the dependency of the named beneficiary.

Bankrupt's counsel cites *Matthews* v. *Bertsch,* 73 Ohio Law Abs. 394, as the controlling case law herein. There Matthews was a creditor of one Carter and had been named the beneficiary under a certain policy. Carter, for reasons unstated, changed the beneficiary under his policy to his daughter, Mary Louise Bertsch. There the court held:

"Section 3911.10, Revised Code, expressly provides for a change of beneficiary in favor of a child if the insured so desires, and further provides that the proceeds of such policy shall be held free from the claims of creditors of the insured."

Section 3911.10, Revised Code, does provide a change of beneficiary may be made in favor of a child, but *Matthews* v. *Bertsch* is silent as to whether or not Mary Louise Bertsch, the insured's daughter was a dependent child of Carter. If so, there was no question as to her right to the proceeds of the policy, though one may question the motives of Carter in changing his beneficiary in view of the debt Carter owed Matthews. In view of the declared emphasis placed on the dependency of the beneficiary in the cases heretofore cited, this court can not agree that *Matthews* v. *Bertsch* is controlling herein.

A statute in Illinois, similar in many respects to Section 3911.10, Revised Code, was construed there by a Referee in Bankruptcy. On review by the District Court the referee was affirmed in *In the Matter of Solomon Schriar*, 179 F. Supp. 157. The Circuit Court of Appeals affirmed the District Court in 284 Fed. Rep. 2d 471. The facts there were that the trustee in bankruptcy petitioned the referee for an order directing the bankrupt to turn over forthwith three life insurance policies. The named beneficiaries of the bankrupt were two sons and one daughter, none of whom were dependent on the bankrupt. Bankrupt claimed they were exempt under Section 6 of the Bankruptcy Act and Chapter 73, Section 850 of the Illinois Revised Statute.

The protected persons under Chapter 73, Section 850 of the Illinois Revised Statute were "wife or husband of the insured, or to a child, parent or *other* person dependent on the insured * * *." That language is in marked similarity to Section 3911.10, Revised Code, which says the protected persons are "the wife or children, or *any* relative dependent upon such person * * *." (Emphasis ours.)

In discussing the legislative intent on page 474, 284 Fed. Rep. 2d, the court said:

"The Legislature used the words 'or other person de-

pendent upon the insured,' not just or person dependent upon the insured. The word 'other' cannot be discarded. The Legislature clearly anticipated that child and parent were in the same class as 'other person dependent upon the insured.' The Legislature must have intended that dependent 'upon the insured' should modify child and parent, as well as 'other person.' Furthermore, this interpretation gives effect to the chief objectives of the exemption laws, in that it protects the debtor in his subsistence, his family to whom he is obligated to support and the public.'' Interpreting this statute liberally neither requires nor permits us to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there.''

The significant words ''or any relative dependent upon such person'' (the insured) used in Section 3911.10, Revised Code, leads this court to the conclusion that the Legislature intended to require that a son, as well as other relatives of the insured, in order to hold proceeds of an insurance policy free from the claims of the creditors of the insured, be dependent on the insured person.

The rights of the beneficiary have not vested in the policies in question, and only the death of the insured would give rise to his right to the face value. The bankrupt, inferentially claims an exemption to her, and not to her beneficiary of the proceeds of these policies, and to allow an exemption of the proceeds of these policies to the bankrupt merely because she has a son, who is the named beneficiary, and who is in no sense dependent on her, would be contrary to the intents and purposes of the exemption statute. The bankrupt would therefore benefit, to the detriment of her creditors.

''The statute governing beneficiaries of life insurance policies, and the exemption of proceeds from the claims of creditors, manifest an intent mainly to protect the dependent from the claims of insured's creditors.'' 22 Ohio Jurisprudence 2d 261, paragraph 29. (Cited in trustee's brief.)

This statement is the tenor of every case heretofore cited, except one.

*Dennis* v. *Smith et al*, 125 Ohio St. 120, 124, in discussing the purposes of Section 11725, General Code, and other exemption statutes, said:

"Another purpose to be considered is the rule of interpretation of exemption statute. Upon this question there is some difference in authorities, though the rule is well nigh universal that a liberal interpretation should be applied. By liberal construction is not meant the words and phrases shall be given an unnatural meaning, or that the meaning shall be enlarged or expended to meet a particular state of facts. A liberal construction must still be fair and reasonable one in an effort always to ascertain the legislative intent. Among other things, it must be inquired as to the object for which the law is framed and that construction must be adopted which will promote its purpose. In applying the use of liberal construction all reasonable doubts are to be resolved in favor of the statute being applicable to the particular case. Exemption statutes are in derogation of the common rights of creditors, and if no other elements are present such statute should receive a strict construction."

This court further discussed the purposes of exemption statutes and stated they are (1) to protect a family from destitution; (2) benefit children as well as parents, and (3) to train and educate children so they may become useful members of society.

In these proceedings the trustee, in effect, levied on behalf of all the bankrupt's creditors, the proceeds or avails of her insurance contracts under authority of Section 70a of the Bankruptcy Act, and that levy should be upheld and a turnover order granted. There being no adverse interest represented herein, it is

ORDERED that the John C. Hancock Mutual Life Insurance Company pay and turn over forthwith to the trustee herein the sum of $458.87, being the aggregate cash surrender value of the policies of insurance hereinbefore described.