OHIO CASUALTY INSURANCE COMPANY ET AL., APPELLANTS, *v.* WILLS ET AL., APPELLEES.

(No. 1-84-45 — Decided December 11, 1985.)

*Richard T. Reese,* for appellants.
*Brad A. King,* for appellees.

COLE, J. This is an appeal of a summary judgment entered in favor of the defendants Charles Wills and Barbara Wills in the Court of Common Pleas of Allen County in a civil action by the plaintiffs to recover the damages to a building owned by plaintiff Orchard Hills Tennis Club, Inc. and insured by plaintiff Ohio Casualty Insurance Co.

The facts in this case, presented by interrogatories and affidavits, are not in dispute. The defendants rented a residence from the plaintiff Orchard Hills Tennis Club, Inc. (hereafter "Orchard Hills"), and were the tenants at these premises on June 7, 1983. A fire occurred at the residence on June 7, 1983 while the defendants' daughter, age twenty, was cooking in the kitchen. Neither defendant was present in the kitchen at the time of the fire's origin. The defendants' daughter was a permissive user of the apartment, but was not a resident. Ohio Casualty paid the claim filed by Orchard Hills, and thereafter Orchard Hills assigned to Ohio Casualty all rights to recover the amount of the loss paid under the terms of the insurance policy.

The plaintiffs filed a complaint alleging that the defendants had been negligent under R.C. 5321.05(A)(6). The defendants filed a motion for summary judgment asserting that there was no evidence that they had violated any duty imposed on them by R.C. 5321.05. The common pleas court granted the defendants' motion. The plaintiffs appeal, asserting three assignments of error.

The appellants' assignments of error will be considered together since they all pertain to the interpretation and application of R.C. 5321.05(A)(6). The appellants assign as error the following three issues:

"I. The trial court erred in granting defendants' motion for summary judgment by failing to give proper effect to the General Assembly's use of the words 'or negligently' in Ohio Revised Code Section 5321.05(A)(6).

"II. The trial court erred by failing to give proper effect to Ohio Revised Code Section 5321.05(A)(6).

"III. The trial court failed to acknowledge that Ohio Revised Code Section 5321.05(A)(6) constitutes special circumstances that if proven would create liability."

The General Assembly enacted the Ohio Landlord and Tenant Act in 1974 (R.C. Chapter 5321). The particular provision of the Act being questioned here has yet to be interpreted by any court and the issues thus present a case of first impression for this court. R.C. 5321.05(A)(6) provides:

"(A) A tenant who is a party to a rental agreement shall:

"* * *

"(6) Personally refrain, and forbid any other person who is on the premises with his permission, from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises."

We will first examine the principles to be considered by a court when interpreting the language in a statute. The Ohio Revised Code provides several guidelines. R.C. 1.47 provides in pertinent part: "In enacting a statute, it is presumed that * * * [a] just and reasonable result is intended * * *." R.C. 1.49 permits a court to consider several factors as listed below:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

In construing the language in a statute, the words are to be defined according to their customary usage. *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 86 [50 O.O.2d 198]. It is a general rule of statutory construction that the legislature intends to enact only that which is reasonable. Doubtful provisions should, if possible, be given a reasonable, rational, and sensible construction. It is the duty of the courts to construe an ambiguous statute to avoid unreasonable, absurd, or ridiculous consequences. *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O.2d 327]; *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367 [41 O.O. 396]. In interpreting statutes, courts must clarify uncertainties and resolve ambiguities in favor of a just or fair interpretation. 50 Ohio Jurisprudence 2d (1961) 219, Statutes, Section 236.

Keeping in mind these guidelines, we will turn to the appellants' arguments. The appellants maintain that R.C. 5321.05(A)(6) imposes a duty on a tenant to personally prevent a permissive user of the residence from intentionally or negligently destroying the premises. The appellants reason that a tenant's failure to prevent a third party's negligent destruction of the premises means that the tenant has been negligent in fulfilling his statutory duty.

The appellants' reasoning poses several difficulties. Initially, we note that no evidence was offered to prove that the permissive user of the rented premises in this case (the appellees' daughter, Melissa Wills) was negligent. The only evidence concerning the origin of the fire is the following statement in the affidavit of the appellee Barbara Wills:

"Affiant further states that the fire started in the kitchen of the residence from grease that became overheated while Melissa Wills was cooking."

The appellants offered no evidence on the issue of Melissa Wills' negligence other than the assertion that she was present when the fire began. Since no evidence was offered to prove the guest's negligence, the appellees violated no duty under R.C. 5321.05(A)(6).

This conclusion, however, does not

dispose of all the appellants' arguments. The underlying issue in this case is a determination of a tenant's duty under R.C. 5321.05(A)(6). The appellants argue that the statute imposes liability on a tenant for damage to the rental property caused by a guest's negligence. By focusing solely on the word "negligently" contained in the statute, the appellants misconstrue the meaning of the entire provision. The statute requires a tenant to "personally refrain, and forbid any other person who is on the premises with his permission, from intentionally or negligently destroying" the premises. To require a tenant by virtue of this provision to actually prevent the negligent acts of a third party contravenes the entire concept of negligence. Negligence is defined as "the failure to use such care as a reasonably prudent and careful person would use under similar circumstances * * *." Black's Law Dictionary (5 Ed. 1979) 930. To require a tenant to predict and prevent a guest from acting carelessly would place the onerous burden of constant and personal supervision on a tenant. It would be impossible for a tenant to foresee and prevent all the possible negligent acts a guest could perform. The legislature could not have intended to impose such an unrealistic burden on a tenant.

The Landlords and Tenants Act of 1974 is to be construed so as to achieve a reasonable balance between the legitimate rights of both landlords and tenants. See *Smith* v. *Wright* (1979), 65 Ohio App. 2d 101 [19 O.O.3d 59], paragraph four of the syllabus. The statute requires the tenant personally to "refrain" from intentionally or negligently injuring the premises. There is here no evidence of either action by the tenant. The statute further requires a tenant to "forbid" a permissive user from intentionally or negligently destroying the premises. The common definition of the word "forbid" is "to command against * * *; to exclude or warn off from by ex-

press command * * *; to utter a prohibition * * *." Webster's Third New International Dictionary (1971) 887. A tenant who is required to "forbid" the negligent acts of others is thus required to give a verbal command or prohibition upon observing the guest engaging in a negligent act that could damage the premises. To impose any additional burden on a tenant other than to verbally warn a guest to discontinue a negligent act that could damage the premises would produce an unreasonable result. In the case before us, the evidence shows that the tenants were not in a position to observe and verbally order their daughter to cease any negligent activity in which she may have been engaged. The record reveals they were quite unaware that any verbal warning was required by the circumstances. Therefore, the appellees did not violate any duty imposed on them by R.C. 5321.05(A)(6).

The appellants' final argument is that the provision in the statute constitutes a special circumstance which would impose liability on a tenant in tort for the damages to the rented property caused by the negligence of a guest. The cases cited by the appellants in support of this proposition involve the liability of a landlord for the damages resulting from the breach of his duty to repair. The Supreme Court has held that a landlord can be held liable if special circumstances are proven to establish that liability. The breach of a duty imposed by a statute has been held to constitute a special circumstance. *Shidelbeck* v. *Moon* (1877), 32 Ohio St. 264, paragraph three of the syllabus; *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, 23 [22 O.O.3d 152]; *Hendrix* v. *Eighth and Walnut Corp.* (1982), 1 Ohio St. 3d 205, 208. This doctrine, however, has not been extended to form the basis for imposing liability on a tenant for the negligent acts of permissive users of the premises. We hold that a tenant will not

be held liable under R.C. 5321.05(A)(6) for the damages to the rental property caused by the negligent acts of a third person unless the tenant fails to verbally command the person to discontinue the negligent acts observed and the third person fails to heed the warning.

For the aforementioned reasons, the appellants' assignments of error are not well-taken.

*Judgment affirmed.*

GUERNSEY, P.J., and MILLER, J., concur.