NIELSON et al., Appellants and Cross–Appellees,

v.

BOB SCHMIDT HOMES, INC. et al., Appellees and Cross–Appellants.

[Cite as *Nielson v. Bob Schmidt Homes, Inc.* (1990), 69 Ohio App.3d 395.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58123.

Decided Sept. 13, 1990.

396

*Thomas J. Friel,* for appellants and cross-appellees.

*Frank J. Groh–Wargo* and *Mark Fusco,* for appellees and cross-appellants.

---

FRANCIS E. SWEENEY, Judge.

Plaintiffs-appellants, Richard P. Nielson et al., timely appeal the trial court's judgment awarding attorney fees to defendants-appellees, Bob Schmidt Homes, Inc. et al. Appellees cross-appeal, asserting the amount of attorney fees awarded was inadequate. For the following reasons, we affirm the decision of the trial court.

The facts as adduced from the record indicate appellants filed a complaint against appellees on January 13, 1988 alleging breach of contract for the sale of real estate. After an arbitration hearing, judgment was awarded to appellees at appellants' costs. Appellees subsequently filed a motion for an award of attorney fees pursuant to R.C. 2323.51. On April 26, 1989, the trial court granted appellees' motion after a hearing on the amount of attorney fees was held. On May 22, 1989, another evidentiary hearing was held on the motion for attorney fees. Based on evidence adduced at that hearing, the trial court held that the conduct of the appellants was frivolous under R.C. 2323.51(A)(1) and (2). On June 15, 1989, the trial court entered a judgment awarding appellees $2,000 in attorney fees. Appellants now appeal, raising five assignments of error. Appellees cross-appeal, raising one assignment of error.

"I. The statute which is the basis of the award of attorney fees does not apply because plaintiffs [*sic*] cause of action was 'based upon claims for relief that arose' in April, 1987 which was before the effective date of the statute on January 5, 1988."

Appellants argue the frivolous conduct statute, R.C. 2323.51, does not apply since the appellants' underlying cause of action accrued in 1987, prior to the statute's effective date of January 5, 1988.

The legislative history of the statute provides that R.C. 2323.51 " * * * shall apply only to tort or other civil actions that are commenced on or after the effective date of this act and that are *based upon claims for relief that arise on or after that date,* and only to tortious conduct that occurs on or after that date." (Emphasis added.) 142 Ohio Laws, Part I, 1752. Appellants argue the phrase "claim for relief" should be interpreted to refer to appellants' underlying claim.

■ It is the duty of the courts to construe a statute as to avoid unreasonable, absurd or ridiculous consequences. *Ohio Cas. Ins. Co. v. Wills* (1985), 29 Ohio App.3d 219, 29 OBR 264, 504 N.E.2d 1164.

■ We can only construe "claim for relief" as meaning the claim for attorney fees asserted by the aggrieved party. This claim for relief arose with the filing of appellants' frivolous action on January 13, 1988, after the effective date of the statute. This statute was intended to impose civil penalties on a party who brings a frivolous action. If "claim for relief" referred to the plaintiffs' underlying cause of action, plaintiffs could knowingly bring frivolous actions after the statute's effective date without penalty, so long as the causes of action in the complaint accrued prior to the effective date. This result would frustrate the purposes of the statute and lead to absurd consequences.

Accordingly, Assignment of Error I is overruled.

"II. Plaintiffs [*sic*] cause of action was not frivolous. A finding that it was, was not proper as a matter of law.

"III. The court found for the defendants on its [*sic*] motion for attorney fees without conducting a hearing as required by Revised Code 2323.51."

In a June 15, 1989 judgment entry, the trial court made a finding that, as a result of evidence and testimony presented at a hearing on May 22, 1989, the conduct of the plaintiffs and their attorney constituted frivolous conduct under R.C. 2323.51(A)(1) and (2). Therefore, the trial court satisfied the requirement of R.C. 2323.51 that a hearing be held to determine whether the conduct was frivolous.

■ We are unable to reach the merits of appellants' second assignment of error since the trial court record does not contain a transcript of the evidence adduced at the May 22, 1989 hearing. An appellant has the duty to exemplify any alleged errors by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385. This duty may be discharged by the filing of a verbatim transcript pursuant to App.R. 9(B), a narrative statement of the evidence as provided in App.R. 9(C), or an agreed statement of the record filed pursuant to App.R. 9(D). Absent any exemplified error, a reviewing court has no choice but to presume regularity in the proceedings of the trial court and affirm. *Id.*

Accordingly, Assignments of Error II and III are overruled.

"IV. The statute (2323.51) relied upon by the defendants applies only to causes of action in tort. The plaintiffs [*sic*] cause of action was for breach of contract."

■ This argument is without merit. R.C. 2323.51(A)(1) and (2) state that the frivolous conduct statute applies to all civil actions.

Assignment of Error IV is overruled.

"V. Section 2323.51 is unconstitutional under the Modern Courts Amendment of the Ohio Constitution. The legislature had no subject matter jurisdiction to pass this statute."

■ Appellants cite no specific portion of the Constitution as authority for this proposition. At a minimum, where a statute is argued to be unconstitutional, the party must cite which section of the Constitution he contends is in conflict with the statute, and he must state his reasons for his conclusion that the statute is unconstitutional. *Foster v. Bd. of Elections* (1977), 53 Ohio App.2d 213, 7 O.O.3d 282, 373 N.E.2d 1274; see App.R. 12(A) and 16(A)(4). Absent this minimum compliance with the Appellate Rules, the assigned constitutional error may be disregarded. *Id.*

Accordingly, Assignment of Error V is not well taken and is overruled.

### Cross–Assignment of Error I

"The trial court's awarding of $2,000.00 in attorneys' fees was inadequate."

Appellees/cross-appellants argue the award of $2,000 in attorney fees was inadequate.

■ The entitlement to an amount of attorney fees awarded lies within the sound discretion of the trial court. *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 21 O.O.3d 429, 425 N.E.2d 961. In the present case, the App.R. 9(C) Statement of Evidence indicates that testimony was adduced that attorney fees in the sum of $4,135 were paid by appellees at the rate of $75 per hour. A trial court may disagree with the attorney as to the amount of time required to perform the particular service. *Id.* at 126, 21 O.O.3d at 431, 425 N.E.2d at 964. Thus, we cannot find that the trial court abused its discretion in its award of a lesser amount than the appellees' computation of $4,135.

Cross–Assignment of Error I is overruled.

The judgment is affirmed.

*Judgment affirmed.*

STILLMAN and VICTOR, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, sitting by assignment.