In re Henry J. SHAFFER, Debtor.

Bankruptcy No. 98–32087.

United States Bankruptcy Court,
N.D. Ohio.

Oct. 1, 1998.

Randall E. Breadan, Greenville, OH, for debtor.

Bruce C. French, Lima, OH, trustee.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

The matter before the Court is the Objection to Claim of Exempt Property filed by the Chapter 7 Trustee, relating to the Debtor's interest in the cash surrender value of a life insurance policy. The Debtor filed a memorandum in opposition to the objection. On August 25, 1998, a Hearing was held on the matter at which time the parties argued

their respective positions. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the objection of the Trustee is OVERRULED.

### FACTS

The facts relevant to this proceeding are not in dispute. In 1962 the Debtor took out a whole life insurance policy, naming his wife as the beneficiary. After the Debtor's divorce, the policy was changed so that as of March 3, 1997, the Debtor's adult son was the sole beneficiary. According to the Debtor's testimony, the proceeds from the policy were to be used by his son to pay for the Debtor's eventual funeral and burial expenses. On May 14, 1998, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In his Schedule of Property Claimed as Exempt, the Debtor listed his interest in the life insurance policy, and cited O.R.C. §§ 2329.66(A)(6)(b) and 3911.10 in support of the exemption. The life insurance policy currently has a face value of Five Thousand Dollars ($5,000.00), and a cash surrender value of Three Thousand Five Hundred Twenty-nine Dollars ($3,529.00).

On July 9, 1998, Bruce French, the duly appointed trustee in this case, filed a timely objection to the Debtor's claim for exemption. On August 24, 1998, a hearing was held on this matter, at which point the Trustee stated that he objected to the Debtor's exemption on the grounds that the Debtor's adult son, as the sole beneficiary of the policy, was not a "dependent" as is required for the exemption by O.R.C. § 3911.10.

### LAW

Ohio has elected, pursuant to § 522(b)(1) of the Bankruptcy Code, to specify its own exemptions, which are found in Ohio Revised Code § 2329.66

O.R.C. § 2329.66, Property that Persons Domiciled in this State may hold Exempt, reads in relevant part:

 (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attach-

ment, or sale to satisfy a judgment or order, as follows:

 (b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.

O.R.C. § 3911.10, Proceeds exempt from claims of Creditors, reads in relevant part:

 All contracts of life or endowment insurance ... upon the life of any person ... which may hereafter mature and which ... have been taken out for the benefit of, or made payable by change of beneficiary ... to, the spouse or children, or any persons dependent upon such person ... shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person.

### DISCUSSION

Determinations as to exemptions from property of the bankruptcy estate are core proceedings per 28 U.S.C. § 157(b)(2)(B). Thus, this is a core proceeding.

 The sole issue presented in this proceeding is whether the cash surrender value of a life insurance policy is exempt property pursuant to O.R.C. § 3911.10, when the only named beneficiary is the Debtor's adult child and such child is not a "dependent" of the Debtor. In this matter it is the Trustee who bears the burden of proof with respect to the Debtor's claimed exemption. Bankruptcy Rule 4003(c); *In re Hoppes,* 202 B.R. 595 (Bankr.N.D.Ohio 1996).

 The Court must begin its analysis of O.R.C. § 3911.10 by looking to the pertinent language of the statute itself. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99, S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). In the case sub judice, the pertinent language of O.R.C. § 3911.10 states that life insurance contracts, owned by a debtor, are exempt from the claims of creditors, if the named beneficiary is *"the spouse or children, or any persons dependent upon such person."* O.R.C. § 3911.10 (emphasis added). In interpreting this language, this Court must undertake a two step analysis. First, the

Court must determine the "plain meaning" language of O.R.C. § 3911.10. Second, the Court must determine whether by applying the statute to its plain meaning would result in an application of the statute demonstrably at odds with the intention of its drafters. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); *State ex rel. Massie v. Gahanna–Jefferson Pub. Schools Bd. of Edn.*, 76 Ohio St.3d 584, 588, 669 N.E.2d 839, 843 (1996). For the following two reasons, with regards to the first step of the analysis, this Court finds that the plain meaning language of O.R.C. § 3911.10 imposes no dependency requirement upon the children beneficiaries of a debtor.

▮ First, the word dependent in O.R.C. § 3910.10 does not directly modify the word "children". Under Ohio law, the words and phrases of a statute are to be read according to the ordinary rules of grammar. O.R.C. § 1.42. Normally, this means that a modifying word such as "dependent" will only apply to the words or phrases immediately preceding or subsequent to the word, and will not modify the other words, phrases or clauses more remote, unless the intent of the legislature clearly required such an extension. *See In re Heck*, 212 B.R. 314, 315 (Bankr.C.D.Ill.1997).[1] In this case this means that the word "dependent," as contained in O.R.C. § 3911.10, will only modify the word "persons," and will not modify the words "spouse or children." In addition, nothing exists to indicate to this Court that the Ohio State Legislature clearly intended for there to be an extension of the word "dependent" to the other words or clauses in the statute. To the contrary, if the Ohio State Legislature had wished to reach a dif-

ferent result, they could have easily changed the positioning of the wording and/or punctuation contained in O.R.C. § 3911.10. For example, the word "dependent" could have been placed before the word "children," or the position of the commas in the statute could have been moved so that the statute would have read: "the spouse, or children or any persons, dependent upon such person." *See In re Thatcher*, 167 B.R. 466, 469.[2]

▮ Second, the clause "spouse or children" is separated from the remainder of the sentence by the disjunctive word "or." Normally courts will only read disjunctive clauses together to avoid unreasonable, absurd, or ridiculous consequences. *Nielson v. Bob Schmidt Homes, Inc.*, 69 Ohio App.3d 395, 590 N.E.2d 1291 (1990). Consequently, the statutory rules of construction dictate that the terms connected by a disjunctive clause are to be given separate meanings, and that the alternatives must be treated completely separate from one another, unless the context of the statute clearly dictates otherwise. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979); *Brown v. Budget Rent–A–Car Sys. Inc.*, 119 F.3d 922, 924 (11th Cir.1997). However, there is nothing in O.R.C. § 3911.10 that indicates to this Court that the context of the statute clearly dictates otherwise. Supporting this position is the fact that no Court interpreting O.R.C. § 3911.10 has ever imposed upon a "spouse" a dependency requirement as long as the debtor was actually married. *In re Thatcher*, 167 B.R. at 469; *see also Hoffman v. Weiland*, 64 Ohio App. 467, 29 N.E.2d 33 (1940); *Johnson v. Penn Mutual Life Insurance Co.*, 31 F.Supp. 394 (N.D.Ohio 1938). Similarly, a child, by the mere fact of their emancipation, does not lose their identity as a child. Accordingly, as the clause "Spouse and Children," as contained

---

1. In *Heck*, the bankruptcy court was interpreting an Illinois exemption statute almost identical to Ohio's exemption statute. The Illinois statute provided that a debtor may claim an exemption in a life insurance policy if the policy is payable to, "a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured...." 735 ILCS 5/12–1001(f). In *Heck*, the bankruptcy court ruled that no dependency requirement was imposed upon a child of the debtor.

2. This Court does agree that the legislature could have been a little clearer as to its true intent. For example, the statute could have read "any child regardless of age." However, the courts are not authorized to rewrite a statute merely because they might deem it susceptible of improvement. *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 397, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984).

in O.R.C. § 3911.10, are on the same side of the disjunctive clause, neither of these protected classes are independently modified by the word "dependent."

However, this Court's analysis does not end there. As stated *supra*, this Court is to apply the plain meaning of a statute unless the literal application of the statute would produce a result demonstrably at odds with the intention of its drafters. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). Consequently, this Court must now determine whether allowing a non-dependent child to recover under their parent's life insurance policy would be at odds with the legislative intention behind implementing O.R.C. § 3911.10.

In Ohio, there is a split of opinion as to whether the plain meaning of O.R.C. § 3911.10 produces a result contrary to the intention of the Ohio State Legislature. The first view, expounded in *In re Thatcher*, 167 B.R. 466 (Bankr.S.D.Ohio 1994), holds that the plain meaning of O.R.C. § 3911.10 does not produce a result at odds with the intention of the drafters. In *Thatcher*, the court based its holding on the fact that it could surmise legitimate public policy reasons for allowing non-dependent children to recover under their parent's life insurance policies free from the claims of their parent's creditors. *Id.* at 470. The opposing view expounded in *In re Piero*, 46 O.O.2d 40, 17 Ohio Misc. 25 (N.D.Ohio 1968), also agreed that the plain meaning language of O.R.C. § 3911.10 did not require a child of the debtor to be a dependent. However, in *Piero* the court held that even though the legislative intent of O.R.C. § 3911.10 was to preserve the unity and integrity of the family unit, such aims were not sufficiently compelling to justify allowing a non-dependent child of a debtor to receive the proceeds of their parent's life insurance policy free from the claims of their parent's creditors. *Id.* at 43, citing *Hoffman v. Weiland*, 64 Ohio App. 467, 29 N.E.2d 33 (1940). Although this Court agrees with *Piero* that a dominant purpose of O.R.C. § 3911.10 is to preserve the unity and integrity of the family unit, this Court disagrees with the holding in *Piero*. This view is based on this Court's ability to surmise, like the court did in *Thatcher*, many counter-

vailing public policy reasons sufficiently credible for allowing the non-dependent children of a debtor to be included within the exemption contained in O.R.C. § 3911.10. For example, the Ohio State Legislature may have wanted to encourage adult children to take care of their elderly parents in the later years of their life, or they may have been acknowledging the financial burdens a parent's death may put upon their children. *See e.g. Thatcher*, 167 B.R. at 470. In either case, it would be beneficial for the adult children of the debtor to receive their parent's life insurance proceeds free from the claims of their parent's creditors. Reinforcing this view is the fact that Ohio's exemption statutes are to be interpreted liberally. In effect, when doubt exists as to the intent of the statute, the interpretation should be construed in favor of the debtor. *In re Simon*, 71 B.R. 65, 66 (Bankr.N.D.Ohio 1987); *In re Everhart*, 11 B.R. 770 (Bankr.N.D.Ohio 1981). Accordingly, as this Court can reasonably conceive of legitimate public policy reasons for allowing non-dependent children of a debtor to be included within the exemption contained in O.R.C. § 3911.10, this Court finds that the plain meaning language of the statute is not demonstrably at odds with the intention of the Ohio State Legislature.

In summary, it is the opinion of this Court that the plain meaning language of O.R.C. § 3911.10 encompasses a debtor's non-dependent children and that such a result is not considerably at odds with the intention of the statute's drafters. Consequently, the Debtor's interest in his life insurance policy, naming his adult child as the sole beneficiary, will be exempt from the claims of creditors pursuant to O.R.C. § 3911.10. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

***ORDERED*** that the Trustee's Objection to Claim of Exempt Property be, and is hereby, DENIED.