OPINION
{¶ 1} This is an appeal from the judgment of the Marysville Municipal Court which dismissed the garnishment claims of Plaintiff-Appellant, Monogram Credit Card Monogram of Georgia ("Monogram") against Defendant-appellee, William Hoffman ("Hoffman") for Monogram's failure to attend a scheduled hearing.
 {¶ 2} On February 19, 2002, Monogram filed a complaint against Hoffman for money owed on an account totaling $2,563.06 plus interest. Monogram attached an affidavit to the complaint from the agent servicing Hoffman's account. On June 3, 2002, by agreement of the parties, the trial court granted judgment to Monogram for the full amount. However, the entry also stated that Monogram would not execute the lien as long as Hoffman made payments of $140 per month. Following Hoffman's failure to pay as scheduled, Monogram moved the court to order garnishment against Hoffman's bank, Bank One, for money, property or credits other than personal earnings.
 {¶ 3} On September 23, 2002, Hoffman filed a motion for a hearing which claimed that Bank One only held his personal earnings. The motion also stated "I UNDERSTAND THAT NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING." The trial court scheduled a hearing on the garnishment for October 9, 2002. On October 3, 2002 Monogram filed an affidavit in lieu of appearance at the garnishment hearing. The affidavit was written by Monogram's attorney and stated that as of September 27, 2002, Monogram had only received one $140 payment from Hoffman.
 {¶ 4} On October 10, 2002, the trial court vacated the garnishment and ordered that the garnishment should cease immediately. Additionally, the trial court ordered the return of funds taken from Hoffman's Bank One account and filed the following findings:
 {¶ 5} 2. Plaintiff did not come to the court for the hearing, but submitted an affidavit in lieu of appearance on October 3, 2002.
 {¶ 6} 3. Defendant did appear at the October 9, 2002 hearing.
 {¶ 7} 4. Plaintiff's presence is required. Defendant was not able to question Plaintiff.
 {¶ 8} Monogram now appeals asserting two assignments of error which will be discussed together. The court erred when it dismissed Monogram's garnishment of property other than personal earnings solely on the ground that Plaintiff did not appear at a hearing on the garnishment when the hearing was requested by Defendant-appellee. The court erred when in dismissing the case it ordered that garnishment of Defendant-appellee cease immediately.
 {¶ 9} First, we note that Hoffman failed to file an appellee's brief in this case, and therefore, "the court may accept Appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). Upon a reading of the brief, Bank's argument reasonably supports a reversal. Furthermore, were we required to thoroughly examine the record and law in this case, we would find that the trial court erred in vacating the garnishment.
 {¶ 10} R.C. 2716.13 states that a debtor in a garnishment action may request a hearing which "shall be limited to a consideration of the amount of money, property, or credits, other than personal earnings, of the judgment debtor in the hands of the garnishee, if any, that can be used to satisfy all or part of the debt owed by the judgment debtor to the judgment creditor." R.C. 2716.13 also includes a proposed form for those debtors requesting a hearing which includes the following language "NO OBJECTIONS TO THE JUDGMENT ITSELF WILL BE HEARD OR CONSIDERED AT THE HEARING."[1] Furthermore, R.C. 2716.11 requires upon filing for garnishment, that the judgment creditor or his attorney file an affidavit stating the debtor's name, a description of the property, and that the affiant has good reason to believe that the debtor has non-exempt property.
 {¶ 11} Monogram argues that it was not required to attend the garnishment hearing because the hearing did not involve a challenge to the judgment but merely the status of the property being garnished and consequently, Monogram's only obligation under the statute was to file the affidavit set forth in R.C. 2716.11. We agree. The court in AshtabulaCty. Med. Ctr. v. Douglass (June 3, 1988), Ashtabula App. No. 1331, considered a similar case. While Douglass involved the garnishment of personal earnings and the present case involves the garnishment of property other than personal earnings, the statutory language regarding the garnishment hearings is nearly identical. In Douglass, the court stated, The judgment creditor is required under R.C. 2716.03(A) to file an affidavit in support of the motion for ordering garnishment of personal earnings (with which appellant complied in the present action). This is the only area in the statute requiring the creditor to affirm that he has good reason to believe that the garnishment is proper and that the funds being sought are not exempt. The burden of proof on the existence or applicability of an exemption or defense rests with the judgment debtor. See, e.g., Hoffman v. Weiland (1940), 64 Ohio App. 467,470. It must necessarily follow, therefore, that failure of a judgment creditor or his legal counsel to attend the hearing should not result in an automatic finding in favor of the judgment debtor due only to the creditor's failure to appear. The judgment debtor must still go forward and meet his burden of proof. By not appearing at the hearing, the judgment creditor merely waives his right to challenge the claims of the judgment debtor. At the conclusion of the hearing, if the judgment debtor satisfies the court that it has successfully met its burden of proof as to an exemption or a defense, then the court may dismiss the aid in proceedings, adjust the amount, or release the debtor from the debt altogether.
 {¶ 12} See, also, Ohio Dept. of Taxation v. Matocky (Nov. 17, 2000), Lake App. No. 99-L-195.
 {¶ 13} We find the rationale in Douglass to be persuasive in determining this case. Consequently, the trial court erred in vacating the garnishment and ordering the return of funds to Hoffman as it appears from the record that the trial court vacated the garnishment solely because Monogram failed to make a personal appearance at the hearing.
 {¶ 14} Based on the foregoing, Monogram's first assignment of error is sustained and its second assignment of error is therefore rendered moot. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 BRYANT, P.J., and CUPP, J., concur.
[1] The request for a hearing filed by Hoffman included this language.