898

Carl E. JUERGENS, Trustee in Bankruptcy, Plaintiff,

v.

Gary E. RICE, Alice L. Jordan, Prudential Insurance Company of America, Defendants.

In the Matter of Gary E. RICE, Debtor.

Bankruptcy No. 3–81–01974.
Adv. No. 3–82–0052.

United States Bankruptcy Court, S. D. Ohio, W. D.

March 9, 1982.

Carl E. Juergens, Springfield, Ohio, trustee/plaintiff.

Wilfred L. Potter, Springfield, Ohio, for debtor/defendant.

Alice L. Jordan, pro se.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon the "Trustee's Objection to Exemptions Claimed by Debtor." The parties basically disagree as to what extent Debtor may exempt the cash surrender value of a life insurance policy on Debtor's life. The Court notes that since the policy names a *non* dependent relative, the Ohio exemption for life insurance contracts, which is more restrictive than the federal, is not available. 11 U.S.C. §§ 522(b)(1) and (d)(7); O.R.C. §§ 2329.66(A)(6)(b) and .662, and 3911.10. The parties do not dispute that Debtor may exempt $400.00 of the cash surrender value under the "catch-all" provision of O.R.C. § 2329.66(A)(17). Instead, the issue at bar is whether Debtor may claim an additional $400.00 as exempt under O.R.C. § 2329.-66(A)(4)(a), which provides in relevant part:

> The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, building and loan association, savings and loan association, credit union, public utility, landlord, or other person.

The Trustee contends that Debtor may not exempt the cash surrender value of the policy, "inasmuch as (the policy) does not constitute cash in hand in possession of the debtor . . . ." Debtor responds that the cash surrender value should be found exempt under the language of O.R.C. § 2329.-66(A)(4)(a).

For purposes of calculation of Debtor's exemption, Ohio law is controlling. 11 U.S.C. § 522(b)(1); O.R.C. § 2329.662. The Court agrees with the Trustee that the policy's cash surrender value cannot be construed as "cash on hand." The specific legal issue before the Court, therefore, is whether the cash surrender value constitutes " . . . money on deposit with a bank, building and loan association, savings and

loan association, credit union, public utility, landlord, or *other person.*" O.R.C. § 2329.-66(A)(4)(a), emphasis ours.

Title 23 of the Ohio Revised Code does not define "person." It is the determination of this Court that an insurance company is a person as the term is used in O.R.C. § 2329.66(A)(4)(a). The term, "other person," appears in the Ohio statute as one alternative in a list of corporate entities. Further, Ohio commercial law defines "person" to include various business associates. O.R.C. §§ 1301.01(BB) and (DD).

In addition, the Ohio exemption statute is largely an adoption of the federal exemption statute in which the term, person, is defined to include partnerships and corporations. 11 U.S.C. §§ 101(30) and 522(d); O.R.C. § 2329.66.

It is the finding of the Court therefore that the subject cash surrender value constitutes "money on deposit" which is exempt under O.R.C. § 2329.66.

IT IS THEREFORE ORDERED that the Trustee's Objection to Exemptions Claimed by Debtor is DENIED.