In the Matter of Richard P. BESS, Wynona Bess, Debtors.

Norman L. SLUTSKY, Trustee, Plaintiff,

v.

Richard P. BESS, Wynona Bess and New York Life Insurance Co., Defendants.

Bankruptcy No. 1–82–02901.
Adv. No. 1–84–0006.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 20, 1984.

---

Norman L. Slutsky, Cincinnati, Ohio, for plaintiff.

Peter J. Strauss, Cincinnati, Ohio, for defendants.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

RANDALL J. NEWSOME, Bankruptcy Judge.

This Chapter 7 case is before the Court pursuant to the Trustee's complaint for turnover of the cash surrender value of insurance policies on the lives of the debtors. Plaintiff and debtor-defendants have filed memoranda in support of their respective positions. For purposes of this proceeding and with consent of the parties, the memoranda will be treated as cross-motions for summary judgment.

### Findings of Fact

The parties have stipulated the following facts:

1. Debtor Richard P. Bess is the owner, by virtue of an assignment from his wife, Wynona Bess, of New York Life Insurance Co. Policy No. 36–715–953 insuring the life of Wynona Bess. Richard Bess is the beneficiary of that policy. The cash surrender value of the policy is $6,176.55.

2. Debtor Wynona Bess is the owner, by virtue of an assignment from her husband, Richard P. Bess, of New York Life Insurance Co. Policy No. 36–709–678 insuring the life of Richard P. Bess. Wynona Bess is the beneficiary of that policy. The policy has a cash surrender value of $5,643.39.

3. The Court takes judicial notice of its case file No. 1–82–02901 and the bankruptcy schedules therein. The case of Richard and Wynona Bess was converted from Chapter 11 to Chapter 7 on October 11, 1983. The trustee filed his turnover complaint on January 9, 1984. The debtors filed an application to amend their schedules, in part to modify their listed exemp-tions, on May 4, 1984. That application was granted June 5, 1984. No objections to the amendments were filed, either by the Trustee or any other party, and there has been no allegation of waiver of exemptions.

### Opinion

The question presented by the parties is whether the cash surrender value of a life insurance policy owned by a person, insuring the life of that person's spouse, with the owner being the beneficiary of the policy, is exempt from the claims of creditors under Ohio's exemption statute.

The parties rely on Ohio Revised Code §§ 3911.10 and 3911.11. In addition, plaintiff has cited 45 *O.Jur.3d*, § 33, on "Exemptions" and the debtors direct us to the case of *Richardson v. Michner*, 11 Dec. Rep. 830, 30 Bull. 120 (1893) for the proposition that insurance exemptions are for the benefit of the debtor's family and should be construed liberally. The parties have supplied no further authority, nor have they supplied the Court with copies of the policies in question.

Section 2329.66(A)(6)(b) of the Ohio Revised Code states that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to justify a judgment or order, as follows: (6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.

Section 3911.10, in turn, provides, in pertinent part, that:

All contracts of life or endowment insurance ... upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of ... the spouse or children ... shall be held, together with the proceeds or avails of such contracts ... free from all claims of the creditors of such insured person or annuitant.

The trustee reads these sections to prohibit the exemption where the owner and beneficiary of a life insurance policy are one and the same.

We must disagree. The Trustee's interpretation of the statute is hyper-technical and contrary to the stated public policy embodied in the exemption statute.

Prior to the enactment of the Bankruptcy Reform Act of 1978, the Ohio General Assembly enacted House Bill 674 which repealed and/or amended some 34 sections of the Ohio Revised Code in order "to prevent the exemptions specified in the Bankruptcy Reform Act of 1978 from becoming automatically effective in this state on October 1, 1979 ..." The closing paragraph of the bill states that "stability and certainty in commercial transactions and judicial proceedings urgently require that exemptions ... not be changed except as determined by the General Assembly in accordance with the public policies of this state." 1979 Ohio Legis.Serv. 5–307, 5–311 (Baldwin).

The public policy behind exemptions in general is the protection of the debtor's family and consideration of its needs.

"... [T]he courts of Ohio, for the purpose of maintaining the home, and insofar as possible, preventing pauperism and illiteracy, have uniformly given a liberal construction to all exemption statutes for the benefit of the debtor's family."

*In re Weick,* 2 F.2d 647, 648 (6th Cir.1924).

The insurance exemption embodied in O.R.C. § 3911.10, and its predecessor G.C. § 9394, is clearly intended as a protection of the insured debtor's spouse, children, dependent relative, or creditor named as beneficiary. *See, Weick, supra; Moskowitz v. Davis,* 68 F.2d 818 (6th Cir.1934); *Hoffman v. Weiland,* 64 Ohio App. 467, 29 N.E.2d 33 (1940). While there is a dearth of reported case law construing this statute, we can find no decisions nor legislative action which would indicate that the state's policy regarding insurance exemptions has changed.

We have here a husband and wife who have, as required under § 3911.10, "taken out ... for the benefit of ... the spouse" life insurance policies on themselves. Subsequent to taking out the policies they assigned them to each other for purposes of estate planning. There has been no allegation, nor is there anything in the record to indicate that the assignment was made with the intent to defraud creditors.

The statute is silent as to the consequences of an assignment of the policy subsequent to its being "taken out." We believe this silence is not fatal to the debtors' position, primarily because the subsequent assignment here does nothing to modify the purpose of the statute. The facts are that the insured debtor remains the insured debtor and that the beneficiary in each case remains a qualifying beneficiary, i.e., a spouse of the insured.

We recognize the Trustee's concern that where husband and wife are both debtors, are indebted to the same creditors, and own policies on the life of each other naming themselves as beneficiaries, the language of § 3911.10 shields a sizeable asset from the Trustee. The legislature, however, has not made an exception in its insurance exemption for joint debtors, and thus we believe that the stated public policy of Ohio in protecting the family of the debtor must govern.

For the foregoing reasons, we hereby DENY the plaintiff's request for a turnover order and render judgment in favor of the debtor-defendants.

### Conclusions of Law

1. This Court has jurisdiction over this action under 28 U.S.C. § 157 as enacted on July 10, 1984.

2. The insurance policies, and any interests therein, held by Richard and Wynona Bess on the lives of each other are exempt assets under O.R.C. § 2329.66(A)(6)(b) and 3911.10, and 11 U.S.C. § 522(b)(2)(A).

IT IS SO ORDERED.