In re Richard P. BESS, Wynona Bess, Debtors.

Norman L. SLUTSKY, Trustee, Plaintiff-Appellant,

v.

Richard P. BESS, Wynona Bess, Defendants-Appellees

and

New York Life Insurance Company, Defendant.

No. C–1–84–1214.

United States District Court, S.D. Ohio, W.D.

Feb. 13, 1985.

Norman L. Slutsky, Cincinnati, Ohio, for appellant/creditor.

Peter J. Strauss, Graydon, Head & Ritchey, Cincinnati, Ohio, for debtors.

## OPINION

SPIEGEL, District Judge:

This matter is on appeal from the decision of the United States Bankruptcy Court that denied the Trustee's complaint for turnover of the cash surrender value of certain insurance policies on the lives of the debtors, who are husband and wife. 40 B.R. 509. Both the Trustee and the debtors have filed briefs on appeal (see docs. 3 and 4 respectively). For the reasons set forth below, we hereby affirm the decision of the Bankruptcy Court.

Procedurally, the debtors originally filed a Chapter 11 bankruptcy petition that was converted later to a Chapter 7 proceeding. The turnover complaint at issue was filed on January 9, 1984. After receiving leave of Court, the debtors amended their schedules to claim the respective insurance policies as exempt property. No objections were filed. The relevant facts are simple and not in dispute. Debtor Richard P. Bess now owns a life insurance policy insuring the life of his wife, Wynona; he also is the beneficiary of said policy. Debtor Wynona Bess now owns a life insurance policy insuring the life of her husband, Richard P.; she, also is its beneficiary. Each policy has a substantial cash surrender value. When the policies were purchased originally, Richard P. Bess took the policy out on his life and named Wynona as his beneficiary, while Wynona Bess took out a policy on her life and named Richard P. as her beneficiary. Subsequently, for estate planning purposes, they assigned the policies to each other, with the result being that the husband, as the named beneficiary thereof, owned the policy insuring his wife's life and that the wife, as the named beneficiary

thereof, owned the policy insuring her husband's life.

The question presented to the Bankruptcy Court, and now to this Court on appeal, is whether the cash surrender value of a life insurance policy, insuring the life of a person's spouse, is exempt from the claims of creditors under Ohio's exemption statute, if the person who owns the policy is also the beneficiary thereof.

By way of background we note that the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, lists allowable exemptions from the property of the estate. *See* 11 U.S.C. § 522(d). However, a state may opt out of these federal exemptions and set forth its own. *See id.* § 522(b). Ohio has exercised such a privilege. *See* O.R.C. § 2329.662. The General Assembly's intent and purpose in so doing was "to prevent the exemptions specified in the [federal] Act from becoming automatically effective in this state on October 1, 1979.... [S]tability and certainty in commercial transactions and judicial proceedings urgently required that exemptions ... not be changed except as determined ... in accordance with the public policies of this state." 1979 Ohio Legis.Serv. 5–307, 5–311 (Baldwin).

Two state exemption statutes are relevant. O.R.C. § 2329.66(A)(6)(b) reads as follows:

> Every person ... may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: ... The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.

Section 3911.10 states in pertinent part:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and *which have been taken out for the benefit of ... the spouse* or children ... shall be held, together with the proceeds or avails of such contracts ... free from all claims of

the creditors of such insured person or annuitant. (Emphasis added).

The debtors maintain that the insurance exemptions are for the benefit of a debtor's family and merit liberal construction. While the Trustee concedes that, in general, exemptions are to be "liberally constructed so as to maximize their availability to debtors," he maintains that no exemption exists when the owner of a life insurance policy is also its beneficiary.

Because this case was decided on stipulations, we are not called upon to rule on any factual matters. We are asked, however, to rule on a question of law and we now indicate that we agree with the opinion and conclusions of law of the Bankruptcy Judge, and adopt them as our own.

We believe it plain that Richard P. and Wynona Bess, husband and wife, each took out life insurance policies for the benefit of their spouse. That their assignments to each other were made for estate planning purposes is not contested; no allegations of fraud have been set forth. The statute speaks not to the instance in which a policy is assigned once it has been appropriately "taken out." But because the assignments in this case do not contradict the public policy embodied within the statute—that being protection of the family—we do not think they should render the statutory exemption inapplicable.

The briefs submitted on appeal as well as the Bankruptcy Court's opinion verify that there exists no dispositive precedent. We decline to reference again those cases already cited by the parties, except to mention that we do not believe that the principle extrapolated from *Johnson Electric Supply Co. v. Spense*, 29–39 Ohio C.C. Dec. 99 (1917) overrides the express language of section 3911.10. The Trustee cites *Johnson* for the proposition that the date of filing serves as the cut-off date for determining exemptions. We are inclined, however, to favor the debtors' argument that the statute clearly states that the operative time for determining exemptions is when the policy is taken out. Under the facts as we have them, acknowledging the

familial relationships and the absence of a charge of fraud, we do not think our decision does violence to any general rule set forth in *Johnson.*

Accordingly, we conclude that the decision of the Bankruptcy Judge ought to be and is hereby affirmed.

SO ORDERED.