In re William C. THATCHER,
SSN: 286–36–8920, Debtor.

Bankruptcy No. 93–55638.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

April 6, 1994.

Joseph F. Castner, Newark, OH, for debtor.

Charles B. Mills, Thompson, Hine & Flory, Columbus, OH, for trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON OBJECTION TO CLAIM OF EXEMPT PROPERTY

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter before the Court is the Objection to Claim of Exempt Property filed by the Chapter 7 Trustee herein, relating to the Debtor's interest in the cash surrender value of a life insurance policy. The matter was originally scheduled for hearing on January 10, 1994, however, at the request of the parties, the hearing did not take place, and the matter was submitted on briefs.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### I. *Findings of Fact*

The facts relevant to this proceeding are not in dispute. Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on September 14, 1993. In his Schedule of Property Claimed as Exempt, Debtor listed his interest in a Prudential Life Insurance Policy with a value of $2,130.00, and cited O.R.C. §§ 2329.66(A)(4)(a), (A)(6)(b), and (A)(17) as support for the exemption.

Thomas Scott is the duly appointed Chapter 7 Trustee herein. On November 10, 1993, the Trustee filed his Objection to the Claim of Exempt Property, alleging that the exemption of O.R.C. § 2329.66(A)(6)(b), incorporating O.R.C. § 3911.10, was not allowable since "the beneficiaries of the insurance policy are the children of the Debtor, were all adults, and not dependent upon the Debtor." The Trustee also objected to the claimed exemption under O.R.C. § 2329.66(A)(4)(a) alleging that the "surrender value" of the life insurance policy does not represent "cash on hand, money due and payable, money to become due within 90 days, tax refunds or money on deposit ..." The Trustee did not file an objection to the exemption of O.R.C. § 2329.66(A)(17), thereby acknowledging a $400.00 exemption with respect to this asset.

In his Memorandum in Opposition to Chapter 7 Trustee's Objection to the Claim of Exempt Property, Debtor conceded to the Trustee's Objection under O.R.C. § 2329.66(A)(4)(a). However, in Debtor's Hearing Brief, citing the case of *Juergens v. Rice,* 17 B.R. 898 (Bankr.S.D.Ohio 1982), Debtors reinstated their claim under O.R.C. § 2329.66(A)(4)(a), arguing that the *Juergens* court found the cash surrender value of life insurance policies to constitute "money on deposit".

### II. *Conclusions of Law*

This Court is called upon to determine two issues concerning availability of exemptions under Ohio law. Unfortunately, there is not much authority interpreting O.R.C. §§ 2329.66(A)(4)(a), (A)(6)(b) or 3911.10. In addition, the cases the Court has found and analyzed give no detailed analysis for the conclusions reached.

Turning the Court's attention to § 2329.66(A)(4)(a), that statute provides as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

.      .      .      .      .

(4)(a) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person ...

Debtor argues that the cash surrender value of the insurance policy qualifies as "money on deposit with ... [an] other person", and is therefore subject to a $400.00 exemption. Relying on the *Juergens* case, Debtor asserts this exemption, although he had initially conceded the issue to the Trustee. With due respect, the Court declines to follow *Juergens*. The *Juergens* court did not engage in a detailed analysis of the issue, and rendered its decision in a conclusory manner. That court spent much time analyzing the term "person," and concluded that an insurance company could qualify as such under O.R.C. § 1301.01. This Court does not dispute that an insurance company could come within the definition of "person" for purposes of the exemption statute. However, the Court simply cannot conclude that the cash surrender value of the insurance policy qualifies as "money on deposit". The Court believes that "money on deposit" is more in the nature of money deposited to provide certain protection for the holder of the deposit (e.g., the landlord or utility), or money placed in a "deposit account." Under O.R.C. § 1309.-01(A)(5):

"Deposit account" means a demand, time, savings, passbook or like account maintained with a bank, savings and loan association, credit union, or like organization, other than an account evidenced by a certificate of deposit.

The Court finds that cash surrender value of a life insurance policy simply does not fit within this definition. Here, the insured has made no "deposit" of money except by the payment of insurance premiums. This does not meet the Court's understanding of "deposit."

The most analogous statutory definition of deposit is found in the Ohio Taxation Code. O.R.C. § 5701.05 sets forth a lengthy definition of "deposit", but specifically excepts from the definition "[U]nearned premiums and surrender values under policies of insurance ..." With respect to a definition of "deposit" for unclaimed funds, "Deposit means to place money in the custody of a financial organization for the purpose of establishing an income-bearing account by purchase or otherwise." O.R.C. § 169.01(I). Again, cash surrender values do not fit within this definition. The Court does not believe the legislature intended cash surrender values of insurance policies to constitute "money on deposit" for the exemption set forth in § 2329.66(A)(4)(a).

Turning its attention to the more difficult analysis of O.R.C. § 2329.66(A)(6)(b), the Court has attempted to apply the "plain meaning" to the terms and phrases used in the statute. That statute allows a person to exempt:

The person's interest in contracts of life or endowment insurance or annuities, as exempted by § 3911.10 of the Revised Code ...

O.R.C. § 3911.10 exempts the following proceeds from claims of creditors:

All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the *spouse or children, or any persons dependent upon such person* ... or any creditor, or to a trustee *for the benefit of such spouse, children, dependent persons,* institution or entity, or creditor ... (emphasis added)

■ The parties cite the case of *In re Piero,* 17 O.Misc. 25, 46 O.O. (2d) 40 (N.D.Ohio 1968). Although this case is on point, the Court believes that it is inconsistent with the plain meaning of the statute in question. "[T]he plain meaning of legislation should be conclusive, except in the 'rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1988), citing *Griffin v. Oceanic*

*Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). Where the language of the statute is plain, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

Notwithstanding the conclusion of the court in *Piero,* after an analysis of the statute, and a number of cases, this Court concludes that under the plain meaning of O.R.C. §§ 2329.66(A)(6)(b) and 3911.10, a child of the insured need not be a dependent in order to allow the insured to claim the exemption. Had the legislature intended otherwise, it would have been a simple matter to place the word "dependent" before the word "children". As the statute currently reads, the exemption will apply to the insurance policy taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, *inter alia:* (1) the spouse of the insured; (2) the children of the insured; and (3) any persons dependent upon the insured.

The Court concurs with counsel for Debtor that the *Piero* court analysis was flawed. Unfortunately, the Trustee makes no argument in his pleadings on file herein, merely citing the Court to the *Piero* and *Juergens* cases. As set forth above, the Court is not persuaded by these citations. The Court concurs with the rulings of *Hoffman v. Weiland,* 64 Ohio App. 467, 29 N.E.2d 33 (1940), and *Johnson v. Penn Mutual Insurance Co.,* 31 F.Supp. 394 (N.D.Ohio 1938), that after a divorce proceeding, there is no "spouse" remaining for whose benefit the life insurance contract may exist. Thus, there is no person within the "protected class" set forth in the exemption. Prior to a divorce, however, no arguments have been made to impute a dependency factor where the beneficiary involved is the insured's spouse. In the case at bar, unlike after a divorce, there is no similar argument that upon emancipation, Debtor's son loses his identity as "children" of the Debtor. Thus, he remains within the protected class.

The Court takes exception to the *Piero* court's reliance on *In re Schriar,* 284 F.2d 471 (1960). In that case, the court was called upon to analyze an Illinois exemption that was similar, but notably different from the Ohio exemption. The persons protected under the relevant Illinois statute were "wife or husband of the insured, or . . . a child, parent or *other* person dependent on the insured . . ." (emphasis added) Chapter 73, Section 850 of the Illinois Revised Statute. The court in *Schriar* went to great lengths to emphasize the words "or other person dependent on the insured", and ruled that the term "dependent" modified "child" due to the inclusion of the word "other". *Schriar,* 284 F.2d at 474. In fact, the Court noted that "[t]he legislature used the words 'or other person dependent upon the insured,' not just a person dependent upon the insured." *Schriar,* 284 F.2d at 474. The Ohio statute does not contain the words considered critical by the court in *Schriar.* In fact, O.R.C. § 3911.10 is phrased in a way specifically distinguished by the court in *Schriar.* This is a distinction with clear significance.

The Court has no evidence, or reason to believe that omission of the word "other" in § 3911.10 was by mistake or oversight. In fact, § 3911.09, which is referred to within the body of § 3911.10, regulates the identity of beneficiaries of an insurance policy as follows:

(A) any person may procure, authorize procurement of, or effect an insurance on the person's life, for any definite period of time or for the term of the person's natural life, to inure to the benefit of the person's spouse and children, *or either, or other persons dependent upon such person* . . . (emphasis added)

The legislature specifically acknowledged that a person's spouse and children qualify as beneficiaries for contracts of life insurance. By adding the words "or either, or other person's dependent upon such person," the legislature clearly indicated that neither the spouse nor children had to be dependents of the insured in order to qualify as beneficiaries. Under a plain meaning of § 3911.10, especially when read together with § 3911.-09, the Court does not believe that the term "children" is modified by the word "dependent," and the proceeds of a life insurance policy taken out for the benefit of an in-

sured's nondependent children will qualify for the exemption. Any other reading of the statute would constitute judicial legislation, which the Court is not apt to do. The Court wonders whether the Trustee would object to a similar exemption if the insured/debtor's "children" were minors living with an estranged spouse whose income was more than sufficient to meet the needs of the children; or even with respect to minor children living with the insured who have alternative means of support, such as monies from a trust fund. The Court is wary of drawing such an uncertain line.

 It is an established principal that exemption statutes are to be liberally construed in favor of the debtor. *In re Lester*, 141 B.R. 157, 163 (S.D.Ohio 1991). "When doubt exists as to the intent of the statute, that doubt should be resolved in favor of the debtor." *In re Rhinebolt*, 131 B.R. 973, 975 (Bankr. S.D.Ohio 1991). "The facts are that the insured debtor remains the insured debtor and that the beneficiary . . . remains a qualifying beneficiary . . ." *Matter of Bess*, 40 B.R. 509, 511 (Bankr.S.D.Ohio 1984), *aff'd*, 47 B.R. 414 (S.D.Ohio 1985) [spouse of insured was a qualifying beneficiary under O.R.C. § 3911.-10, with no allegation of dependency].

The Court can surmise several reasons for allowing the exemption with beneficiaries that are children not dependent on the insured. The legislature may have intended to protect the special relationship of parent and child, or may have acknowledged a child's financial burdens upon the death of a parent. The Court is reluctant to force the debtor to "cash out" his insurance policy under these circumstances, especially having no evidence as to the Debtor's health and subsequent insurability.

Under Bankruptcy Rule 4003(c), the party objecting to the claim of exemption has the burden of proof. The trustee has failed to produce any evidence, or otherwise rebut the *prime facie* validity of the claimed exemption. Applying the plain meaning of the statute, as well as construing that meaning in favor of the Debtor, the Court concludes that Debtor was entitled to claim an exemption in the subject life insurance policy pursuant to O.R.C. § 2329.66(A)(6)(b), as well as 2329.-66(A)(17). Based on the foregoing, it is hereby

ORDERED THAT the Trustee's Objection to the Claim of Exempt Property pursuant to O.R.C. § 2329.66(A)(4)(a) is SUSTAINED; and it is further

ORDERED THAT the Trustee's Objection to the Claim of Exempt Property pursuant to O.R.C. § 2329.66(A)(6)(b) is DENIED.

IT IS SO ORDERED.