**In re Enid M. BUSH, Debtor.**

**No. 00–52616.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 2, 2000.

Joseph F. Castner, Newark, OH, for Debtor.

Arnold S. White, Columbus, OH, Chapter 7 Trustee.

Alexander G. Barkan, Columbus, OH, Assistant United States Trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION IN CASH SURRENDER VALUE OF LIFE INSURANCE POLICY

CHARLES M. CALDWELL,
Bankruptcy Judge.

This contested matter is before the Court on the objection of case trustee Arnold S. White ("Trustee") to an exemption claimed by the Debtor, Enid M. Bush ("Debtor"), in the cash surrender value of a life insurance policy. The Debtor opposed the Trustee's objection. For the reasons that follow, the Court holds that, under the specific circumstances presented in this case, where the beneficiary of a life insurance policy is the child of the Debtor, no showing of the beneficiary's dependence is required to successfully claim an exemption in the cash surrender value. The Trustee's objection is overruled.

The Debtor commenced this case on March 29, 2000, with the filing of a petition for relief under chapter 7 of the Bankruptcy Code. In Schedules B and C, the Debtor disclosed her interest as the insured in a life insurance policy issued by Western & Southern Insurance Company, and claimed an exemption in the cash surrender value pursuant to O.R.C. sections 2329.66(A)(6)(b) and 3911.10. The parties agree the cash surrender value of the policy is approximately $4,000.00, and that the death benefit is $5,000.00.

The Debtor disclosed that the beneficiaries under this policy are her children, all of whom are emancipated. The Debtor testified she was motivated to purchase the policy in 1957, after her husband died, leaving her to raise five children and responsible for paying for the expenses associated with his funeral and burial. The Debtor purchased the instant policy to ensure her children would not endure the same financial burden.

The Trustee asserts the Debtor is not entitled to an exemption in the cash surrender value of the policy, as her children are not her dependents. In support of this argument, the Trustee cites *In re Piero*, 17 Ohio Misc. 25 (N.D.Ohio 1968). The Debtor argues that where the beneficiary of a life insurance policy is the child of a debtor, no showing of the child's dependency is required in order to successfully claim an exemption under O.R.C. sections 2329.66(A)(6)(b) and 3911.10. The Debtor cites *In re Thatcher*, 167 B.R. 466 (Bankr. S.D.Ohio 1994) and *In re Shaffer*, 228 B.R. 892 (Bankr.N.D.Ohio 1998) in support of her position. Each of the cases cited by the parties has addressed precisely the issue presented to this Court: whether a debtor may claim an exemption in the cash surrender value of a life insurance policy under O.R.C. sections 2329.66(A)(6)(b) and 3911.10 where the beneficiary of such policy is the non-dependent child of the debtor. Resolution of this question requires an exercise in statutory construction.

O.R.C. section 2329.66 provides, in relevant part:

(A) Every person ... may hold property exempt ... as follows:

(6)(b) The person's interest in contracts of life ... insurance or annuities, as exempted by section 3911.10.

O.R.C. section 3911.10 provides:

All contracts of life insurance ..., or any interest therein, which may hereafter mature and which have been taken out *for the benefit of, or made payable ... to, the spouse or children, or any persons dependent upon such person* ... shall be held ... free from all claims of the creditors of such insured person. (emphasis added)

The Trustee argues that the word "dependent," as set forth in O.R.C. section 3911.10, modifies "spouse or children" and requires debtors to demonstrate that the beneficiary is a dependent. The *Piero* court held exactly that, finding that permitting an exemption without a showing of dependency would benefit the debtor to the detriment of his or her creditors. *Piero*, 17 Ohio Misc. at 34.

The Debtor argues that "dependent" does not modify "spouse or children" and therefore, no showing of dependency is required. This is the conclusion reached by the courts that decided *Thatcher* and *Shaffer*. *See Thatcher,* 167 B.R. at 469 ("this Court concludes that under the plain meaning of O.R.C. §§ 2329.66(A)(6)(b) and 3911.10, a child of the insured need not be a dependent in order to allow the insured to claim the exemption") and *Shaffer,* 228 B.R. at 895 ("the plain meaning of O.R.C. § 3911.10 encompasses a debtor's non-dependent children" and a debtor's "interest in his life insurance policy, naming his adult child as the sole beneficiary, will be exempt from the claims of creditors pursuant to O.R.C. § 3911.10").

■ The *Thatcher* and *Shaffer* decisions were based on a sound analysis of the rules of statutory construction, which require a court faced with the task of interpreting a statute to undertake a two-part inquiry. First, a court must determine the "plain meaning" of the relevant statutory language. Second, a court must determine whether application of the statute, in accordance with its plain meaning, would give rise to a result demonstrably at odds with the intent of the legislature in drafting the statute. *Shaffer,* 228 B.R. at 893–94; *Thatcher,* 167 B.R. at 468.

This Court finds that, as written, the "plain meaning" of O.R.C. section 3911.10 permits an exemption where the beneficiary of the relevant policy of insurance is: (1) the spouse of the insured; (2) the children of the insured; or (3) any persons dependent upon the insured. The word "dependent" as set forth in section 3911.10 is separated from the phrase "spouse or children" by the disjunctive word "or." Therefore, and as found by the *Shaffer* and *Thatcher* courts, "dependent" modifies "any persons" rather than "spouse or children." *Shaffer,* 228 B.R. at 894; *Thatcher,* 167 B.R. at 469. Had the legislature intended the statute to have the meaning suggested by the Trustee, it easily could have inserted the word "dependent" before

"spouse or children." As it did not do so, however, this Court can only conclude the legislature did not intend "dependent" to modify "spouse or children." Further, "no Court interpreting section 3911.10 has ever imposed upon a 'spouse' a dependency requirement as long as the debtor was actually married." *Shaffer,* 228 B.R. at 894; *see also Thatcher,* 167 B.R. at 469. Given this consistent interpretation, there is no logical reason to impose a dependency requirement on a debtor's child, who will not lose his or her identity upon emancipation.

This plain meaning is not "demonstrably at odds" with any reasonable conception of the intent of the legislature in drafting section 3911.10. It is very likely the legislature intended O.R.C. section 3911.10 to afford protection to a debtor and his or her children under the very circumstances presented in this case, in which the Debtor seeks to protect her children from the very real financial burden associated with the death of a parent. The Debtor's purchase of this policy in 1957 was not a means of passing on a large inheritance to her children at the expense of her creditors, as the cash surrender value and the death benefit are modest. Had the facts indicated an effort to create a significant inheritance, as opposed to merely covering modest burial expenses, the result reached here may have been different.

■ Finally, this conclusion finds support in the well-established principle that exemption statutes are to be construed liberally, and in favor of the debtor. *In re Collopy,* 99 B.R. 384, 385 (Bankr.S.D.Ohio 1989); *In re Rhinebolt,* 131 B.R. 973, 975 (Bankr.S.D.Ohio 1991). *Piero* ignored this principle, and for that reason will not be followed by this Court.

Accordingly, the Trustee's objection is **OVERRULED**.

**IT IS SO ORDERED.**