[Cite as *Lakhi v. Meritra Health Care L.L.C.*, 2025-Ohio-466.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rani Lakhi, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-98 |
| v. | : | (C.P.C. No. 19CV-554) |
| Meritra Health Care, LLC, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on February 13, 2025

**On brief:** *Allen Stovall Neuman & Ashton LLP, Todd H. Neuman,* and *Jeffrey R. Corcoran*, for appellant. **Argued:** *Todd H. Neuman.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiff-appellant, Rani Lakhi, appeals a decision of the Franklin County Court of Common Pleas that overruled appellant's objection and adopted the magistrate's decision. The magistrate's decision concluded (1) Ohio law exempts from garnishment the cash values of the life insurance policies of judgment debtors Chandra Veerla, Pavani Baddam, and Niranjan Patel (collectively "appellees"); (2) Veerla's change of beneficiary was valid and effective; and (3) appellees satisfied their respective burdens of proof to claim the R.C. 3911.10 exemption.

**I. Facts and Procedural History**

{¶ 2} On September 20, 2021, the Franklin County Court of Common Pleas in a prior case granted appellant's motion for summary judgment, finding appellees liable for $1,126,124.70 plus interest. *See Lakhi v. Meritra Health Care, LLC*, 2022-Ohio-3062, ¶ 11 (10th Dist.). On September 1, 2022, this court affirmed the trial court's judgment. *Id.* at

¶ 47. On September 20, 2022, appellant commenced garnishments on funds held by the life insurance companies of each appellee, including the cash value of each appellee's life insurance policy.

{¶ 3} At the time the trial court issued the garnishment order, on September 20, 2022, the spouse of each appellee was the primary beneficiary of the corresponding appellee's life insurance policy. Veerla, however, changed his life insurance policy's beneficiary from his wife to his children on September 29, 2022. On November 14, 2022, the September 20, 2022 garnishment order was served on Veerla's insurer, New York Life Insurance Company ("New York Life").

{¶ 4} The trial court held on deposit the various cash values of appellees' life insurance policies. On December 5, 2022, garnishee New York Life deposited with the trial court $103,796.00, Veerla's interest in his life insurance policy, and $38,916.36, Baddam's interest in her life insurance policy. On December 13, 2022, garnishee Penn Mutual Insurance and Annuity Company ("Penn Mutual") likewise deposited $21,472.50, Patel's interest in his life insurance policy. Veerla did not oppose the garnishment of his brokerage or bank accounts.

{¶ 5} On January 20, 2023, the magistrate held a hearing pursuant to R.C. 2716.13. Appellees Veerla and Baddam testified at the hearing. Jagruti Patel, the spouse of appellee Niranjan Patel, also testified. Veerla attested he did not default on his life insurance premiums and that his policy was therefore never surrendered. Jagruti Patel claimed, based on her knowledge of payments made from a joint bank account she shared with her husband, that her husband's life insurance premiums have been timely paid. The parties stipulated to the fact that Jagruti Patel was the beneficiary of appellee Patel's life insurance policy. Baddam testified next, confirming that although she stopped paying the premiums on her whole life insurance policy in June 2022, New York Life converted her existing policy to an extended-term policy extending into 2036. New York Life paid the new policy's premiums using the cash value of the previous whole life insurance policy. Baddam's testimony thus revealed she retained an extended-term life insurance policy at the time the garnishment order was served on New York Life on November 14, 2022.

{¶ 6} On February 6, 2023, the magistrate filed a decision that found R.C. 2329.66(A)(6)(b) and 3911.10 exempted from garnishment each appellee's interest in

his or her life insurance policy, including the interest in the cash value of each policy. Further, the magistrate's decision held that because a garnishment order does not create a lien on a debtor's property until notice is served on the garnishee, Veerla's September 29, 2022 change of beneficiary from his wife to his children was valid and effective. The magistrate concluded that all appellees met their burdens of proof to claim the garnishment exemption.

{¶ 7} On March 24, 2023, appellant objected to the magistrate's decision. On January 29, 2024, the trial court issued a judgment in which it overruled appellant's objection and adopted the magistrate's decision. Appellant timely appeals.

## II. Assignment of Error

{¶ 8} Appellant assigns the following error for our review:

> The trial court erred in entering the January 29, 2024, *Decision and Entry Overruling Plaintiff's Objection on the Magistrate's Decision and Decision and Entry Adopting the Magistrate's Decision.*

(Emphasis in original.)

## III. Analysis

{¶ 9} Taken literally, appellant asserts error only in the entry of the trial court's judgment. Appellant's brief, however, raises four issues with the substance of the trial court's judgment. First, appellant contends R.C. 3911.10 does not provide an exemption from garnishment of a life insurance policy in cases where both the insured and the beneficiary are debtors of the same creditor.

{¶ 10} Interpretation of a statute is a question of law we review de novo. *State ex rel. Peregrine Health Servs. of Columbus, LLC v. Sears*, 2020-Ohio-3426, ¶ 23 (10th Dist.), citing *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 2017-Ohio-7834, ¶ 33 (10th Dist.). Courts "are not authorized to ignore statutory language. 'When statutory language is unambiguous, it must be applied as written, without resort to rules of statutory interpretation or considerations of public policy.'" *Elliot v. Durrani*, 2022-Ohio-4190, ¶ 19, quoting *State ex rel. Paluch v. Zita*, 2014-Ohio-4529, ¶ 13.

{¶ 11} Here, appellant calls our attention to two statutes that, in concert, exempt life insurance policies from garnishment, R.C. 2329.66(A)(6)(b) and 3911.10. R.C. 2329.66(A)(6)(b) states "[e]very person who is domiciled in this state may hold

property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: . . . [t]he person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code." R.C. 3911.10, in relevant part, provides:

> All contracts of life or endowment insurance . . . or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person . . . shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person.

Appellant seeks an exception to the general exemption in R.C. 3911.10 for cases like the present one, in which the insured person and the beneficiary of a life insurance policy are co-debtors of the same creditor. Under these circumstances, appellant believes the law should allow creditors to garnish the cash values of such life insurance policies. As already noted, however, we may resort to considerations of public policy only after finding ambiguity in the language of the statute. *See Durrani* at ¶ 19. We turn first to comprehending the statutory text.

{¶ 12} A federal bankruptcy appellate panel identified four requisite elements of the R.C. 3911.10 exemption: (1) "the contract must be the proper type of insurance policy"; (2) "the policy . . . must be on the life of the person"; (3) "the contract must be for the benefit of one of several categories of people, including the insured's spouse"; and (4) if the first three factors are met, "then the contract and any proceeds or avails will be protected from the claims of the creditors of the insured person." *In re Schramm*, 431 B.R. 397, 402 (6th Cir. 2010). Firstly, the contracts at issue here are individual contracts of life insurance that fall squarely within the coverage of R.C. 2329.66(A)(6)(b) and 3911.10. Secondly, the policies of appellees are contracts of life insurance, and they are consequently taken out "on the life of" appellees. *Id.* Thirdly, all the life insurance policies here were "for the benefit of" the spouses of appellees at the time of garnishment. *Id.* Even if we accounted for Veerla's eventual change of beneficiary to his children, the statute encompasses life insurance policies "taken out for the benefit of . . . the spouse or children" of the insured person. R.C. 3911.10. The first three factors being satisfied, Ohio law exempts appellees' life insurance contracts from the claims of their creditors. Even if appellant believes the

Ohio General Assembly intended to carve out an exception for joint debtors from the R.C. 3911.10 exemption, " 'it is not a court's function to rewrite a statute to express that intent.' " *In re Schramm* at 403, quoting *In re Huth*, 1998 Bankr. LEXIS 856, *6 (N.D.Ohio June 30, 1998).

{¶ 13} Although appellant seizes on the outcome of *In re Schramm*, she ignores how that case involved the proceeds of a life insurance policy and the claims of creditors of the policy's beneficiary. Appellant's reliance on *In re Schramm* is unavailing because, here, appellees are the insured persons, not the beneficiaries. Furthermore, as the life insurance policies now before us have yet to mature, there are no proceeds for appellant to garnish. *See Huntington Natl. Bank v. Winter*, 2011-Ohio-1751, ¶ 25 (1st Dist.) ("[T]he proceeds of the [life insurance] contract come into existence when the contract matures—either at the death of the insured or when the insured voluntarily accepts the cash surrender value of the contract."). The factual context of *In re Schramm* is thus largely irreconcilable with the present case.

{¶ 14} Appellant next disputed the holding of *In re Bess*, 40 B.R. 509 (Bankr. S.D. Ohio 1984), that, in regard to R.C. 3911.10, "[t]he legislature . . . has not made an exception in its insurance exemption for joint debtors." *In re Bess* at 511. Appellant, however, cites no textual support for her preferred reading of R.C. 3911.10, and the statute provides no explicit exception for joint debtors. If the Ohio legislature wanted to make such an exception, it would have said so. Regardless of this court's policy preferences, the text of R.C. 3911.10 is not amenable to more than one interpretation. We are therefore obligated to apply this unambiguous law as it is written. Accordingly, R.C. 3911.10 prohibits appellant from garnishing the cash values of appellees' life insurance policies. The trial court did not err as to appellant's first issue.

{¶ 15} Second, appellant argues appellee Veerla's post-garnishment change in beneficiary, from his wife to his children, was void. While our resolution of the first issue renders this second issue moot, we will nevertheless address appellant's argument. A timeline of the relevant events is instructive here. On September 20, 2022, the trial court issued the garnishment order. On September 29, 2022, Veerla changed his life insurance policy's beneficiary from his wife to his children. Then, on November 14, 2022, the garnishment order was served on New York Life, Veerla's insurer.

{¶ 16} Ohio law states that a garnishment order "shall bind the property . . . of the judgment debtor in the possession of the garnishee at the time of service." R.C. 2716.13(B); *see Januzzi v. Ford Motor Co.*, 1990 Ohio App. LEXIS 1880, *4 (9th Dist. May 16, 1990) ("The order binds the property of the judgment debtor in the garnishee's possession from the time of service."). On this basis, Veerla was free to change the beneficiary of his life insurance policy up until November 14, 2022, the date on which the garnishee, New York Life, received notice of the garnishment order. Veerla made the change on September 29, 2022. R.C. 2716.13(B) thus did not bar Veerla from making this adjustment. Though appellant insists public policy demands a reinterpretation of R.C. 2716.13(B), it is this court's duty to apply unambiguous statutory language as it is written. *Durrani* at ¶ 19. Accordingly, the trial court did not err as to appellant's second issue.

{¶ 17} Third, appellant claims a judgment debtor must prove his or her life insurance policy remains in effect in order to claim the garnishment exemption of R.C. 3911.10. Appellant's fourth issue asserts two of the three appellees, Baddam and Patel, failed to present evidence that their life insurance policies remained in effect. We will address these interrelated issues together.

{¶ 18} The trial court determined that, based on the evidence presented, appellees proved their life insurance policies remained in effect. "It is axiomatic that, where there is evidence to support a factual determination by the trial court, it will not be disturbed on appeal absent an abuse of discretion." *Fiscarelli v. Johnson*, 1996 Ohio App. LEXIS 1368, *3 (10th Dist. Mar. 29, 1996), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). A trial court abuses its discretion where its "attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), citing *Steiner v. Custer*, 137 Ohio St. 448 (1940), *Conner v. Conner*, 170 Ohio St. 85 (1959), and *Chester Township v. Geauga Cty. Budget Comm.*, 48 Ohio St.2d 372 (1976).

{¶ 19} Appellant correctly posits the exemption of R.C. 3911.10 applies only to life insurance policies that remain in effect. *See* R.C. 3911.10 (pertaining only to "contracts of life . . . insurance . . . which may hereafter mature"). The magistrate considered the relevant evidence during the January 20, 2023 hearing and concluded all appellees met their burdens of proof to claim the garnishment exemption. In other words, the magistrate found the appellees proved their life insurance policies remained in effect. Appellant

alleges Baddam surrendered her whole life insurance policy, but appellant also admits the policy's cash value was then used by New York Life to pay for an extended term life insurance policy. The exemption of R.C. 3911.10 is not limited to whole life insurance policies—it broadly exempts "[a]ll contracts of life . . . insurance" from creditors of the insured person. R.C. 3911.10. Thus, even appellant acknowledges appellee Baddam held an active life insurance policy at the time of garnishment.

{¶ 20} Next, appellant calls into question the status of appellee Patel's life insurance policy because it was his wife Jagruti Patel, rather than the appellee himself, who testified at the hearing before the magistrate. Regardless, the magistrate could have properly considered the following evidence: (1) Jagruti Patel's testimony that, based on her firsthand observations, she and appellee Patel "always" paid the premiums to Penn Mutual via automatic withdrawals from their joint bank account; (2) garnishee Penn Mutual deposited $21,472.50 with the trial court, representing Patel's interest in his life insurance policy; and (3) a stipulation by the parties that Jagruti Patel was the beneficiary of appellee Patel's Penn Mutual life insurance policy. (Tr. at 60-61; 67.) On this record, the trial court could find appellee Patel maintained a life insurance policy with Penn Mutual that remained in effect at the time of the garnishment order.

{¶ 21} The record thus supports the trial court's findings that appellees maintained active life insurance policies at all relevant times, and for that reason appellees properly claimed the R.C. 3911.10 exemption. Having discovered nothing "unreasonable, arbitrary[,] or unconscionable" in the trial court's findings of fact, we determine the trial court did not abuse its discretion. *Blakemore* at 219. Accordingly, the trial court did not err as to appellant's third and fourth issues.

## IV. Conclusion

{¶ 22} Based on the foregoing, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____